Watson et al., Appellants, *v.* Green et al.

116

Argued March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Benedict A. Casey,* for appellants.

*William B. Koch,* with him *Koch, Phelps and Salus,* for appellee.

Opinion by Watkins, P. J., December 11, 1974:

This is an appeal from a judgment on the pleadings entered by the Court of Common Pleas of Montgomery County in favor of the defendant-appellee, Jean B. Green, and against Ann E. Watson, et al., plaintiffs-appellants.

On April 5, 1965, the minor-plaintiff was struck by an automobile operated by one Graham Burton who is now deceased. The plaintiffs engaged defendant, Marshall A. Bernstein, Esquire, as their attorney shortly thereafter. Mr. Bernstein then engaged defendant, Jean B. Green, Esquire, for the purpose of handling the case in Montgomery County. On April 21, 1967, Mr. Green filed a summons against Graham Burton. Several months later, Mr. Green learned that Burton had died in 1966 before the suit was filed. He never reissued the complaint against Burton's personal representative and the statute of limitations expired.

On November 4, 1971, plaintiffs-appellants instituted an action in trespass against both Mr. Bernstein and Mr. Green claiming negligence on their part for permitting the statute to run. After a change of venue had been granted, the defendant, Jean B. Green, filed an Answer and New Matter endorsed with the notice to plead within twenty (20) days of service thereof on May 31, 1972. In this new matter, Mr. Green alleged that no attorney-client relationship existed between him and the plaintiffs, that no action could be maintained against him because, since no complaint had ever been served on Burton's representatives, the statute of limitations had never been raised as an affirmative defense, and that the plaintiffs could not have proven their case against Burton anyhow due to the Dead Man's Rule. Plaintiffs filed no reply to the new matter until July 7, 1972, which was more than twenty (20) days after service of the new matter.

On July 3, 1972, Mr. Green filed a motion for judgment on the pleadings and on April 4, 1973, the court below granted defendant's motion stating that plaintiffs' failure to respond to the new matter within the required time period constituted an admission of the material alleged in the new matter.

Rule 1026 of the Pennsylvania Rules of Civil Procedure states the time in which a responsive pleading must be filed. There is no doubt that the plaintiffs failed to file a responsive pleading to the new matter within the required period. However, plaintiffs allege that no responsive pleading was required to be filed to the new matter since the new matter merely denied some of the allegations in the complaint and also stated conclusions of law which required no responsive pleading.

Defendant's contention that the plaintiffs could prove no cause of action against Burton by reason of his death and the Dead Man's Rule is clearly a conclusion of law to which no responsive pleading was required since it involved the interpretation and application of a substantive rule of law. Rule 1029(d) of the Pennsylvania Rules of Civil Procedure states that averments in a pleading to which no responsive pleading is required are deemed to be denied. Thus, plaintiffs' failure to reply to this allegation would not constitute an admission that the Dead Man's Rule would preclude any possibility of recovery.

Defendant's averment in his new matter that no attorney-client relationship existed between him and the plaintiffs was merely a reiteration of paragraph six of the answer whereupon he denied that the defendant Bernstein had ever engaged him to prosecute the said action. It is apparent that this denial placed into issue the fact of whether or not Green and the plaintiffs had entered into an attorney-client relationship. Thus, no reply was needed to this allegation

of the new matter since the matter was clearly placed into issue by the complaint and answer. New matter properly contains averments of facts only if they are extrinsic to facts averred in the complaint.

Defendant's contention that the plaintiff has failed to state a cause of action because the statute of limitations was never actually raised as a defense due to the fact that no complaint was ever served on Burton's personal representative is also a conclusion of law in that it involves the interpretation of the law setting forth time periods within which actions must be commenced. Thus, the allegation seeks to prove a negative and is not an affirmative defense which raises a factual issue.

As such, the allegation in the new matter demanded no responsive pleading. We do not hold that the defenses set forth in Green's new matter are not involved. We do hold that they are not the type of factual assertions to which the plaintiffs must file a reply. It could very well be that the defendant in this case could be entitled to a summary judgment after the taking of depositions and other discovery procedures. However, a judgment on the pleadings was not warranted in this case since defendant's allegations in his new matter were either conclusions of law or merely reiterated that which had already been placed into issue in the Complaint and Answer. To require the plaintiff to file a reply to such allegations would serve no useful purpose and the Rules of Civil Procedure, Rule 1029(d) provides that "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied."

The order entering judgment on the pleadings is reversed and the record remanded for further proceedings in accordance with this opinion.