# Northumberland County v.
# West End National Bank (No. 2)

*Sanford S. Marateck*, for plaintiff.

*Jack C. Younkin* and *Matther M. Stricker*, of *Ballard, Spahr, Andrews & Ingersoll*, for defendant.

KIVKO, *P. J.*, October 7, 1975—Before us for disposition at this time are preliminary objections raised by the County of Northumberland (plaintiff-County) to the new matter filed with its answer by The West End National Bank of Shamokin (defendant-bank). On this same date, we have filed an opinion disposing of preliminary objections filed by two of the additional defendants to this action, Travelers Indemnity Company and United States Fidelity and Guaranty Company, and there we concisely summarized the substance of the pleadings between plaintiff and defendant, so we need not restate them here. Plaintiff's preliminary objections consist of a motion to strike, and a motion for a more specific pleading.

In paragraph 23, the bank averred that "plaintiff has been reimbursed, in whole or in part, by sureties for Robert G. Perles and George Conbeer for the funds alleged by plaintiff to have been converted by Perles to his own use."

This averment is attacked by the county on the basis that payment by an insurer is not a defense as a matter of law, and that this is only an attempt to improperly call to the jury's attention, in the event of trial, the fact of insurance. We agree.

The injection of an insurance company's payment would undoubtedly be highly prejudicial. The jury would be exposed to the company's existence in the case. The potential for prejudice is no different from a bonding company than an ordinary insurance carrier.

The practical problems of prejudice before the jury, in the case of suits for reimbursement by subrogated insurance companies, led to the granting of an exception to the real party in interest rule: Pa.R.C.P. 2002, found in subsection (d); 2

Goodrich-Amram §2002(d)-1. No longer would insurance companies have to resort to the "loan-receipt" device in order to avoid appearing as a party to the action. Such an arrangement, now historical in Pennsylvania, is fully explained in 2 Goodrich-Amram §2002(a)-13. It does illustrate, however, the lengths an insurance company would go to avoid being in an unfair position before a jury. With the addition of subsection (d) in 1941, a subrogee (insurance company) can now commence an action in the name of the insured, for the sole purpose of keeping any reference to insurance, payments made thereunder, or subrogation out of the pleadings. This rule would be meaningless if defendant could show by way of new matter that sureties have indemnified plaintiff. Rule 2002(d) cannot be circumvented in this manner, in contradiction to its clear and sound purpose.

In addition, reimbursement by the sureties of Perles and Conbeer is not a relevant defense. The contention that any recovery against the surety as a result of an employe's embezzlement of funds must be accounted for in an action against the bank for its breach of its obligation, was rejected in Grubnau v. Centennial National Bank, 279 Pa. 501, 505, 124 Atl. 142 (1924): "The remedies cannot surely be considered in the same right. The insurance was not in ease of the bank's mistake. It would be a novel proposition to hold that an insurance contract could reach out to indemnify a stranger, in no way a party to the insurance. . . . Such protection would be given without cost or contractual relation, merely because the person wronged chooses to collect from the insurance company first. . . ." In general, the alleged wrongdoer's liability is unaffected by the fact of the injured party's own insurance:

Lobalzo v. Varoli, 409 Pa. 15, 17, 185 A. 2d 557 (1962); Moidel v. Peoples Natural Gas Co., 397 Pa. 212, 222, 154 A. 2d 399 (1959).

Paragraph 23 of defendant's new matter, being prejudicial and irrelevant to the present action, cannot stand.

Paragraphs 12 and 13 of the bank's new matter are objected to as being merely repetitious of paragraph 7 of the bank's answer. Plaintiff contends they should be stricken. The latter paragraph averred, in part, that Perles "acted at all relevant times with the knowledge and consent of plaintiff, and with authority," and denied any allegations to the contrary. Similarly, paragraphs 12 and 13 of new matter alleged that Perles was authorized to maintain a bank account with the bank and to present checks for payment, and that the county had notice and knowledge of all acts complained of. It is apparent that these averments under new matter do not add new facts, extrinsic to those in the complaint, but are just an elaboration of their previous denials in the answer: Snyder v. Trout, 38 Northumb. 28 (1965). See Watson v. Green, 231 Pa. Superior Ct. 115, 331 A. 2d 790 (1974); Pa.R.C.P. 1030. We sustain the objection.

Paragraphs 18, 20 and 21 of the new matter have been objected to on the ground that the allegations therein have not been set forth with sufficient particularity: Pa.R.C.P. 1019(a). Paragraph 18 alleges that "plaintiff has failed to report to defendant notice of the lack of authorization of any person as required by law." Any notice defendant allegedly didn't receive could not be specified further. It doesn't matter what type of notice the allegation refers to, or exactly of whom the bank wasn't

notified, since it is averred that no notice at all was received about anyone. Whether any notice is "required by law" is a conclusion which need not be answered. The rules only require the pleadings of facts: 1 Goodrich-Amram §1019(a)-12.

In paragraph 20, however, it is vaguely averred that "the proceeds of *some or all* of the checks listed in plaintiff's Exhibit A were paid to authorized personnel of plaintiff and for authorized purposes of plaintiff or for the benefit of plaintiff." (Emphasis supplied.) "Some or all" is ambiguous pleading. Two hundred sixty-seven checks are listed in plaintiff's Exhibit A. The specific checks encompassed by defendant's averment must be indicated in order that the allegation could be appropriately met by plaintiff.

Finally, plaintiff objects to the sufficiency of paragraph 21 of new matter, which simply states that "plaintiff's Complaint is barred, in whole or in part, by the statute of limitations." By itself, this bald averment is clearly insufficient. Facts must be averred to support the claimed defense of the statute of limitations: Silverman v. Oil City Glass Bottle Co., 110 Pitts.L.J. 221 (1962); County of Delaware v. Mingin, 38 Del. Co. 102 (1950); 22 P.L.E., 551, §153. And, again, these facts must indicate what portions of plaintiff's complaint they relate to.

We enter the following

## ORDER

And now, October 7, 1975, plaintiff's motion to strike paragraphs 12, 13, and 23 of defendant's new matter is sustained. Plaintiff's motion for a more specific pleading is denied with respect to para-

graph 18 of defendant's new matter, and sustained as to paragraphs 20 and 21 of defendant's new matter. Defendant is granted 20 days from the date of the filing of this order to file an amended answer with new matter in accordance with this opinion.