Paul A. ALWINE, Administrator of the Estate of Jeanette L. Alwine and Paul A. Alwine, in His Own Right, Appellant,

v.

SUGAR CREEK REST, INC., a Pennsylvania Corporation, Appellee.

Superior Court of Pennsylvania.

Submitted March 7, 2005.

Filed Aug. 10, 2005.

Richard J. Bosco, Butler, for appellant.

John W. Jordan IV, Pittsburgh, for appellee.

BEFORE: DEL SOLE, P.J., FORD ELLIOTT and TAMILIA, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Paul A. Alwine, in his own right and as administrator of the estate of Jeanette L. Alwine, appeals following the denial of his post-trial motions and the entry of a judgment in favor of Sugar Creek Rest, Inc., Appellee.

¶ 2 The facts and procedural history of this case are as follows. The decedent, Jeanette Alwine, was one of twelve residents of Appellee's personal care home who were taken on an outing to a local mall. The twelve residents were accompanied to the mall by Appellee's employee, Pauline Hampshire. While at the mall, the decedent fell down a set of steps and struck her head. She was immediately taken to a hospital where a CT scan revealed a sub-arachnoid hemorrhage in her brain. Approximately one week later, she was transferred to another hospital after she became non-responsive due to an accumulation of fluid around her brain. She died approximately one week later as a result of the increased pressure on her brain.

¶ 3 Appellant subsequently filed a complaint asserting wrongful death and survival actions sounding in negligent supervision. Appellee filed a timely answer to the complaint denying all material allegations. During discovery, Appellant acquired additional information which caused him to believe that Appellee had acted in a wanton and reckless manner. Therefore, Appellant sought leave of court to file an amended complaint to include a claim for punitive damages; Appellee objected to the request. Following oral argument on the matter, Appellant's request was granted and he filed an amended complaint. The first twenty-six paragraphs of the amended complaint contained the same averments as the original complaint; however, based on the information gathered during discovery, four paragraphs relating to a punitive damages claim were added. Appellee did not file an amended answer or any other responsive pleading.

¶ 4 A jury trial proceeded during which Appellant sought to have all of the factual averments in the amended complaint read to the jury as admissions based on Appellee's failure to file a response. The trial court denied this request finding that Appellee's answer to the original complaint implicitly denied the exact same averments found in the amended complaint. At the conclusion of the trial, the jury returned a verdict in favor of Appellee. Appellant

filed a motion for post-trial relief which was subsequently denied. This timely appeal followed.

¶ 5 Appellant raises the following issues for our review: (1) whether the unanswered averments of the amended complaint should have been admitted into evidence as admissions on the part of Appellee; (2) whether the trial court erred by permitting Pauline Hampshire to testify regarding the instruction she received prior to accompanying the residents to the mall; (3) whether the trial court erred by permitting the decedent's treating physician to testify without first submitting an expert's report or obtaining Appellant's consent; and (4) whether the verdict was against the weight of the evidence. We affirm.

¶ 6 Appellant first contends that the trial court erred by denying his request to read the factual averments contained in the amended complaint into the record as admissions on the part of Appellee. Appellant argues that pursuant to Pa.R.C.P. 1029(b), Appellee's failure to respond to the amended complaint resulted in an admission of the factual averments contained therein. We disagree.

¶ 7 Rule 1029(b) provides that "averments in a pleading to which a responsive pleading is **required** are admitted when not denied specifically or by necessary implication." Pa.R.C.P. 1029(b) (emphasis added). The purpose of this rule is to identify the issues in dispute between the parties. This purpose is adequately served by permitting an answering party to rely on an original answer where an amended complaint merely repeats the averments found in the original complaint. Thus, we find that where an amended complaint is filed after an answer has already been filed in response to the original complaint, and the amended complaint contains no additional averments requiring a response, no further responsive pleading is required; the original answer will serve an answer to the amended complaint. Additionally, we note that even when new averments requiring a response are contained in the amended complaint, the answering party only need respond to those new averments to which a response is required.

¶ 8 Appellant's amended complaint contained the same averments as his original complaint except for the addition of four averments which set forth a claim for punitive damages. Appellee was not required to respond to the averments relating to punitive damages as they were conclusions of law and not averments of fact. *See* Pa.R.C.P. 1029(a). Thus, Appellee's answer to the original complaint also served as an answer to the amended complaint. Accordingly, the trial court was correct in its ruling.

¶ 9 Appellant next claims that the trial court erred by allowing Pauline Hampshire to testify regarding instructions she received prior to accompanying the residents to the mall. Appellant contends that this testimony amounted to hearsay which should have been excluded. This argument is meritless.

Hearsay is a statement, other than a statement made by the declarant while testifying under oath, which is offered for the truth of the matter asserted. Generally, hearsay is inadmissible at trial. However, where an out-of-court statement is not admitted for the purpose of proving the truth of what was said, the hearsay rule does not bar admission of that statement. Testimony as to an out of court statement, written or oral, is not hearsay if offered to prove, not that the content of the statement was true, but that the statement was made. The hearsay rule does not apply to all statements made to or over-

heard by a witness, but only those statements which are offered as proof of the truth of what is said. Thus, a witness may testify to a statement made to him when one of the issues involved is whether or not the statement was, in fact, made.

*Am. Future Sys., Inc. v. Better Bus. Bureau,* 872 A.2d 1202, 1213 (Pa.Super.2005) (citations omitted).

¶ 10 In the instant case, Ms. Hampshire's testimony consisted of her description of the instruction she received prior to accompanying the residents to the mall. This testimony was presented to prove that instructions were given to her; the testimony was not offered to prove that the content of those instructions was true. Thus, Ms. Hampshire's testimony did not constitute hearsay. Consequently, the trial court did not err in allowing Ms. Hampshire's testimony to be admitted into evidence.

¶ 11 Appellant's next issue relates to the whether the trial court erred by allowing the deposition testimony of the decedent's treating physician, Dr. Channapati, to be read into the record.

¶ 12 Initially, we note that this Court's review of a trial court's evidentiary determinations is very narrow; we will reverse only upon a finding that the trial court abused its discretion or committed an error of law. *Miller v. Ginsberg,* 874 A.2d 93, 97 (Pa.Super.2005). Furthermore, "to constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. Evidentiary rulings which do not affect the verdict will not provide a basis for disturbing the jury's judgment." *Id.*

¶ 13 Appellant first alleges that because Dr. Channapati testified as a medical expert, he was required to provide a pre-trial report pursuant to Pa.R.C.P. 4003.5. Therefore, Appellant argues that because Dr. Channapati did not provide a pre-trial report, the trial court should have precluded his testimony.

¶ 14 The trial court found that Dr. Channapati was not required to provide a pre-trial report pursuant to Rule 4003.5 because he was not retained in anticipation of litigation. We agree.

¶ 15 This Court has held that where a doctor's opinions and knowledge are acquired before an action commences, the doctor's "opinions proffered at trial fall outside the scope of Rule 4003.5." *Katz v. St. Mary's Hospital,* 816 A.2d 1125, 1127 (Pa.Super.2003). Presently, Dr. Channapati was the decedent's treating physician. His testimony related to his personal observations of the decedent in the months prior to her death. He testified regarding her condition and the care he provided to her. Dr. Channapati did not express any opinion regarding whether Appellee was negligent or breached the standard of care required for a personal care home. Thus, it is clear that Dr. Channapati's testimony regarding the decedent's condition was not offered as expert medical opinion and that he was not retained by Appellee in anticipation of trial. Accordingly, the trial court did not err in finding Rule 4003.5 inapplicable.

¶ 16 Next, Appellant alleges that Dr. Channapati's testimony should have been precluded pursuant to Pa.R.C.P. 4003.6 because Appellee's counsel communicated *ex parte* with Dr. Channapati regarding the decedent's medical condition. Appellant argues that this Court's grant of a new trial based upon a violation of Rule 4003.6 in *Marek v. Ketyer,* 733 A.2d 1268 (Pa.Super.1999), mandates the grant of a new trial in the present case. We disagree.

¶ 17 In *Marek,* this Court found that a treating physician's *ex parte* communication with defense counsel amounted to a violation of Pa.R.C.P. 4003.6. We went on to hold that because the doctor had communicated *ex parte* with defense counsel in violation of Rule 4003.6 and then **testified as a defense expert** regarding liability at trial, a new trial was warranted. This situation is not analogous to the present case.

¶ 18 Here, Dr. Channapati did not testify as an expert nor did he offer any opinion evidence. Dr. Channapati's testimony related only to his observations of the decedent prior to her death. Therefore, the two cases are clearly distinguishable. Thus, *Marek* does not require the grant of a new trial in the present case.

¶ 19 Furthermore, although any *ex parte* communication between Dr. Channapati and Appellee's counsel may have been a violation of Rule 4003.6, the record does not suggest, nor does Appellant argue, that the testimony prejudiced Appellant or improperly affected the verdict in any way. Thus, because the evidentiary decision did not affect the verdict and was not prejudicial or harmful, we conclude that the trial court did not abuse its discretion by admitting Dr. Channapati's testimony.

¶ 20 Finally, Appellant argues that a new trial is necessary because the jury returned a verdict that is contrary to the weight of the evidence.

¶ 21 This Court's review of a weight claim is a review of the trial court's exercise of discretion, not of "the underlying question of whether we believe that the verdict is against the weight of the evidence." *Hollock v. Erie Insurance Exchange,* 842 A.2d 409, 417–18 (Pa.Super.2004). A new trial will be granted on the basis that the jury's verdict is against the weight of the evidence only when the verdict is so contrary to the evidence so as to shock one's sense of justice. *Folger v. Dugan,* 2005 PA Super 215, 5, 876 A.2d 1049. In reviewing the trial court's refusal to grant a new trial on this basis, this Court reviews all of the evidence. *Id.* Furthermore, "a new trial will not be granted on the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the fact-finder could have decided in favor of either party." *Id.*

¶ 22 In the instant appeal, Appellant argues that he presented the jury with uncontradicted evidence establishing that the decedent had difficulty walking and suffered episodes of confusion. In particular, Appellant relies on the testimony of his expert witness, Ilene Warner, who testified that in her opinion Appellee was negligent and breached the applicable standard of care. Appellant contends that this evidence "clearly demonstrated that the decedent's physical and mental condition was such that the Appellee's actions in taking her to the [mall] and leaving her there to wander, unsupervised, was not only negligent, but reckless." Appellant's Brief at 15.

¶ 23 The trial court found there was conflicting evidence whether the decedent's death was the result of Appellee's negligence and therefore denied Appellant's request for a new trial. Our own review of the record confirms the trial court's findings, as there is evidence in the record that conflicts with Appellant's assertions. Appellee produced evidence through the testimony of its own expert witness, Julie Hester, who indicated that Appellee did not breach the standard of care required by the Department of Public Welfare's guidelines. She also testified that her review of the record revealed that in the weeks prior to the trip to the mall, the decedent did not have trouble walking

nor suffer any episodes of confusion. Additionally, Ms. Hester testified that in her opinion, Appellee had not acted negligently nor breached the standard of care required for a personal care home.

¶ 24 Thus, it is apparent from the record that the jury was presented with conflicting evidence regarding whether Appellee's conduct amounted to negligence. The jury was free to credit Ms. Hester's testimony and conclude that Appellee had not breached the standard of care or acted negligently. *See Odato v. Fullen,* 848 A.2d 964, 966 (Pa.Super.2004) (holding that the weight of the evidence and the credibility of witnesses are issues for the jury who is free to believe some, all or none of the evidence presented). This Court will not disturb a jury's credibility determination. *Commonwealth v. Boxley,* 575 Pa. 611, 838 A.2d 608, 612 (2003). Accordingly, the trial court did not abuse its discretion in denying a new trial on the basis that the verdict was against the weight of the evidence.

¶ 25 We note that Appellant also challenges the trial court's denial of his request for a judgment notwithstanding the verdict. In reviewing such a denial this Court is required to consider the evidence in the light most favorable to the verdict winner and resolve any conflicts in the evidence in the verdict winner's favor. *Rohm & Haas Co. v. Cont'l Cas. Co.,* 566 Pa. 464, 781 A.2d 1172, 1177 (2001). Having determined that Appellee presented evidence that it did not breach the standard or care or act in a negligent manner, we find this claim is also without merit.

¶ 26 Judgment affirmed.