J-A07012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TERRI BRUZZESE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN BRUZZESE, | |
| Appellant | |
| v. | |
| DAVID E. MARTIN, INDIVIDUALLY, NFI, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, FINANCIAL ADVISORS CONSORTIUM, INC., A PENNSYLVANIA CORPORATION, NETWORK FOR FINANCIAL INDEPENDENCE, LLC A PENNSYLVANIA LIMITED LIABILITY COMPANY AND GIOVANNI BRUZZESE, AS EXECUTOR OF THE ESTATE OF CARMELLA BRUZZESE, DECEASED | No. 1056 WDA 2014 |

Appeal from the Judgment Entered June 4, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD09-006968

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 12, 2015**

John Bruzzese (Appellant) appeals from the judgment entered June 4, 2014, following a trial in which a jury awarded Terri Bruzzese (Wife) damages for breach of contract.  We affirm.

In 1974 and 1977, Domenic Bruzzese (Husband) purchased Prudential life insurance policies from Appellant, an insurance agent and Husband's brother. The policies identified Husband's parents as beneficiaries.

Husband and Wife married in 1981. In 1983, Wife became pregnant with their first child. During Wife's pregnancy, Husband and Wife determined to modify their life insurance plans. To that end, Husband and Wife met with Appellant at their home. With Appellant's assistance, Husband prepared the necessary documents to switch the named beneficiaries on his life insurance policies to Wife. In addition, Wife purchased a policy from Appellant. As their agent, Appellant agreed to file the paperwork.

In 2007, following a short illness, Husband died. At that time, Wife discovered that Appellant had never filed the change of beneficiary forms for the 1977 life insurance policy. The policy benefit, $40,441.95, was paid to Husband's mother, not Wife. Despite Appellant's assurances that Wife would receive the benefit, she did not.

Wife commenced this litigation in April 2009, filing a praecipe for writ of summons naming Appellant as defendant. Following a long delay, Wife filed a complaint in November 2011, claiming negligence and breach of contract. Appellant filed preliminary objections that were denied by the trial court. Thereafter, Appellant filed an answer and new matter. Appellant also

filed a joinder complaint, alleging that additional defendants were solely liable over to Wife for any damages.

Prior to trial, Appellant filed a motion *in limine*, seeking to prevent Wife from introducing (1) evidence contrary to various judicial admissions, allegedly made during pleadings, and (2) hearsay testimony of statements made by Husband prior to his death. The trial court denied the motion in part, deferring a decision regarding hearsay testimony until trial. Subsequently, the trial court permitted Wife to testify that Husband planned and/or intended to amend his life insurance policies, naming her the beneficiary.

A jury trial commenced in March 2014. Following trial, the jury returned a verdict. On the negligence claim, the jury found that Wife was 60% negligent; Appellant was 40% negligent; and additional defendants were not negligent. Thus, Wife was not entitled to damages on this claim. However, the jury further found that Appellant had breached an oral contract between him and Husband and that Wife was a third-party beneficiary of that contract. The trial court molded the verdict in favor of Wife and against Appellant in the amount of $40,441.95.

Appellant and Wife filed post-trial motions. The trial court denied Appellant's post-trial motions; granted Wife's motion to add $15,376.81 in prejudgment interest to the verdict; and ordered judgment entered on her behalf in the amount of $55,818.76. Appellant timely appealed and filed a

J-A07012-15

court-ordered 1925(b) statement.[1]   The trial court issued a responsive opinion.

Appellant raises the following issues on appeal:

1.  Are general denials to material averments of fact set forth in [n]ew [m]atter judicial admissions[,] which may not be contradicted by additional evidence?

2.  May a party offer testimony related to the terms of an oral contract based on conversations with a person deceased at the time of trial under Pa.R.E. 803?

3.  May a claimed third party beneficiary to a contract recover damages when there is no proof of any consideration for the creation of the underlying contract from which the third party claim is derived?

4.  Should a jury be charged on both negligence and contract law when the underlying basis for the claim at issue is that of a third party beneficiary under a contract?

5.  May a claimed third party beneficiary to a contract file suit more than twelve years after she and the actual contracting party were both aware of an alleged breach of contract?

6.  May a [t]rial [c]ourt refuse to charge the jury on impossibility of performance when there was evidence offered and admitted in support of that affirmative defense without objection?

Appellant's Brief at 6 (statements of trial court answers to these questions omitted).[2]

_____

[1] Appellant's statement was untimely.  At this Court direction, Appellant sought and received *nunc pro tunc* relief from the trial court, permitting the untimely filing.  Accordingly, we permitted the appeal to proceed.

[2] Appellant's brief does not conform to our rules of appellate procedure. Appellant presents six issues for our consideration, yet his argument
*(Footnote Continued Next Page)*

- 4 -

Initially, we observe that Appellant's proposed standard of review is imprecise. *See* Appellant's Brief at 5 (suggesting that we review the trial court's decisions for a clear abuse of discretion or an error of law that controlled the outcome of this case). Appellant does not seek a new trial, *see, e.g.*, *Gorman v. Costello*, 929 A.2d 1208, 1212 (Pa. Super. 2007) (cited by Appellant), but rather judgment notwithstanding the verdict (JNOV). *See* Appellant's Brief at 41; *see also* Appellant's Post-Trial Motion at 1 and 7 (unnumbered).

> There are two bases upon which a court may enter a [JNOV]: (1) the movant is entitled to judgment as a matter of law, … or (2) the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant …. With the first, a court reviews the record and concludes that even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in their favor; whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.
>
> …
>
> [I]n reviewing a motion for [JNOV], the evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. Moreover, a court should only enter a [JNOV] in a clear case and must resolve any doubts in favor of the verdict winner. A lower court's grant or denial of a [motion

*(Footnote Continued)* ─────────

includes seven sub-sections. *See* Pa.R.A.P. 2119(a). Moreover, Appellant's presentation of the issues is haphazard. For example, in his third issue, Appellant claims there was no evidence of consideration to support Wife's claim of a contract, and yet Appellant does not discuss this issue until his sixth, briefed argument. *See* Appellant's Brief at 33.

for] [JNOV] will be disturbed only for an abuse of discretion or an error of law. In examining this determination, our scope of review is plenary, as it is with any review of questions of law.

*Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1074 (Pa. 2006) (citations and some punctuation omitted).

To the extent Appellant does not develop an argument attuned to this standard, he risks waiver of issues otherwise preserved. *See, e.g., McEwing v. Litiz Mut. Ins. Co.*, 77 A.3d 639, 647 (Pa. Super. 2013) (quoting *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) (finding waiver where an appellate brief fails to develop an issue "in any other meaningful fashion capable of review")). Nonetheless, we will endeavor to review Appellant's issues on their merits.

In his first, second, and third issues, Appellant challenges evidentiary decisions of the trial court. Within this context, Appellant contends that Wife failed to establish (1) an underlying contract between Husband and Appellant and (2) her status as a third-party beneficiary of the alleged contract. *See* Appellant's Brief at 28-32. We infer from Appellant's presentation the following: *if* we grant Appellant relief on his evidentiary issues, thus eliminating certain evidence favorable to Wife from the record, we may *then* examine the remaining evidence and conclude that Appellant is entitled to judgment as a matter of law. *See Quinby*, 907 A.2d at 1074. Thus, we proceed.

Generally, we review a trial court's evidentiary decisions for an abuse of discretion. *See Schmalz v. Mfrs. and Traders Trust Co.*, 67 A.3d 800, 802-03 (Pa. Super. 2013). To the extent Appellant challenges the trial court's interpretation of our procedural or evidentiary rules, our review is *de novo*. *See Sigall v. Serrano*, 17 A.3d 946, 949 (Pa. Super. 2011).

In his first issue, Appellant contends that the trial court erred in denying that portion of his motion *in limine* claiming errors in Wife's pleadings. *See* Appellant's Brief at 17-23. According to Appellant, Wife failed to deny specifically several factual averments pleaded in Appellant's new matter. For example, Appellant averred that he never met with Husband or Wife to discuss a change in beneficiary status. According to Appellant, Wife's general denial of this and other averments constitute judicial admissions, citing in support Pa.R.C.P. 1029(b). Thus, Appellant concludes, Wife should not have been permitted to contradict these admissions at trial.

Appellant's argument is without merit. Rule 1029(b) provides as follows:

> Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

Pa.R.C.P. 1029(b). However, it is well settled that we examine pleadings as a whole to determine whether a material fact has been admitted. *See*

*Alwine v. Sugar Creek Rest., Inc.*, 883 A.2d 605, 609 (Pa. Super. 2005);

*Ramsay v. Taylor*, 668 A.2d 1147, 1149 (Pa. Super. 1995) (citing *Cercone*

*v. Cercone*, 396 A.2d 1, 6 (Pa. Super. 1978)).  Further, "[n]ew matter

properly contains averments of facts *only if they are extrinsic to facts*

*averred in the complaint*.  *Watson v. Green*, 331 A.2d 790, 792 (Pa. Super.

1974) (emphasis added).  No reply is necessary to an allegation previously

and "clearly placed into issue by the complaint[.]"  *Id.*

> As reasoned by the trial court,
>
> [t]o accept [Appellant's] position would be to ignore the complaint's averments that [Husband] and [Wife] met at their home with [Appellant] to change the beneficiary on [Husband's] life insurance policies and [that] [Husband] and [Appellant] completed the documents for the change.  Rule 1029(b) … requires a determination of whether [Wife] denied [Appellant's] averment that he never met with [Husband] and [Wife] "by necessary implication."  By describing the meeting in the complaint, and generally denying [Appellant's] allegation of never meeting, [Wife] denied the allegation by necessary implication.

Trial Court Opinion at 4 (citations omitted).  No reply to the factual

averments contained in Appellant's new matter was necessary.  *Watson*,

331 A.2d at 792.  Thus, we discern no abuse of the trial court's discretion.[3]

In his second issue, Appellant contends that the trial court erred by

permitting Wife to testify regarding Husband's intention to make Wife the

---

[3] Appellant also suggests that Wife admitted the alleged contract between Appellant and Husband was not supported by consideration.  Appellant is incorrect.  Wife pleaded that Appellant served as Husband's insurance agent, thus establishing the requisite consideration.  *See* Complaint at ¶¶ 7, 8.

beneficiary of his life insurance policies. **See** Appellant's Brief at 23-24. According to Appellant, Wife's testimony was inadmissible hearsay, suggesting that it comprised a statement of memory.

Appellant is incorrect. Wife did not testify to a statement of Husband's *memory*, but rather to a statement of his *future intent*. Pennsylvania Rule of Evidence 803(3) states that the following is *not* excluded by the rule against hearsay and, therefore, admissible to establish the truth of the matter asserted:

> A statement of the declarant's then-existing state of mind (such as motive, intent or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Pa.R.E. 803(3).

As stated by the trial court,

> [Wife] offered [Husband's] plan or intention to make [Wife] the beneficiary to show [Husband] *later acted in conformity with this plan* or intention by discussing it with [Appellant] and signing the beneficiary change forms at the meeting. The testimony falls squarely within the hearsay exception for then-existing mental, emotional, or physical condition.

Trial Court Opinion at 6 (emphasis added) (quotation marks omitted) (citing in support **Commonwealth v. Begley**, 780 A.2d 605, 623 (Pa. 2001) ("Intention … is a fact, and the commonest way for such a fact to evince itself is through spoken or written declarations."). We agree and, therefore, discern no abuse of the trial court's discretion.

In his third issue, Appellant claims that Wife failed to present evidence that the contract between Husband and Appellant was supported by consideration. *See* Appellant's Brief at 33-36. Appellant fails to support his argument with any citation to legal authority. Accordingly, we deem this issue waived. *See McEwing*, 77 A.3d at 647; Pa.R.A.P. 2119. Absent waiver, this Court has previously stated that "[w]hether a contract is supported by consideration presents a question of law." *Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pa.*, 895 A.2d 595, 601 (Pa. Super. 2006).

> The trial court determined the following:
>
> Since [Appellant] was the agent on the policy, he received commissions from the policy premiums paid by [Husband]. In return for payment of premiums, one service that a life insurance agent provides to a customer is to assist with beneficiary changes. [Notes of Testimony [N.T.], 03/17-18/2014, at 93-102.] Hence, the premiums paid by [Husband] (from which [Appellant] received commissions) are the consideration for [Appellant's] agreement to have the beneficiaries changed on [Husband's] policies.

Trial Court Opinion at 7. We discern no legal error by the trial court.

Based upon our disposition of Appellant's first three issues, and our review of the record as a whole, Appellant is not entitled to JNOV. Wife established (1) a contract between Husband and Appellant; (2) that she was an intended third-party beneficiary to that contract; and (3) Appellant failed to perform his contractual obligation. *See generally Scarpitti v. Weborg*, 609 A.2d 147, 150-51 (Pa. 1992) (discussing third-party beneficiaries).

Thus, we will not disturb the jury's verdict, or the judgment entered thereupon. To the extent Appellant points to other evidence in the record more favorable to him, we reiterate that we view the record in the light most favorable to the verdict winner. **See Quinby**, 907 A.2d at 1074.

In his fourth issue, Appellant contends that the trial court erred in permitting the jury to consider both of Wife's claims, for negligence and breach of contract. **See** Appellant's Brief at 25-28. According to Appellant, the "gist of the action" doctrine prohibits consideration of a negligence claim where the facts alleged set forth an ordinary breach of contract claim. **See, e.g., eToll, Inc. v. Elias/Savion Adver., Inc.**, 811 A.2d 10 (Pa. Super. 2002).

On this issue, Appellant's request for JNOV is inappropriate. **See Eichman v. McKeon**, 824 A.2d 305, 317, Pa. Super. 2003) ("Error in a [jury] charge is sufficient ground *for a new trial*, if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue.") (emphasis added). Appellant has not requested a new trial. Moreover, we deem this claim moot. The jury determined that Wife was comparatively more negligent than Appellant, and thus not entitled to damages on her negligence claim. Any error made by the trial court did not control the outcome of this case. **Id.**

In his fifth issue, Appellant contends that Wife's contract claim is barred by the statute of limitations. **See** Appellant's Brief at 36-40. This

raises a question of law, for which our standard of review is *de novo*. ***See, e.g., Commonwealth v. Riding***, 68 A.3d 990, 993-94 (Pa. Super. 2013) (citing ***Commonwealth v. Russell***, 938 A.2d 1082, 1087 (Pa. Super. 2007); ***Commonwealth v. Taylor***, 65 A.3d 462, 467 (Pa. Super. 2013)). According to the trial court,

> [w]hile [Appellant] pled the bar of the statute of limitations under new matter, he did nothing at trial to raise it as a defense. Specifically, [Appellant's] counsel did not mention the statute of limitations defense in either his opening or his summation to the jury and did not submit a point for charge on the subject or include the subject in the proposed verdict form. Therefore, it cannot be the basis for relief on appeal.

Trial Court Opinion at 11 (citing Pa.R.C.P. 227.1(b)(1)); ***see also, e.g., In re Adoption of D.M.H.***, 682 A.2d 315, 322 (Pa. Super. 1996). We agree that Appellant did not preserve this issue at trial. Accordingly, we deem it waived.[4]

In his sixth issue, Appellant contends that the court erred or abused its discretion when it denied Appellant's requested jury charge on impossibility of performance. ***See*** Appellant's Brief at 32-33. Appellant fails to support his argument with any citation to legal authority. Accordingly, we deem this issue waived. ***See McEwing***, 77 A.3d at 647; Pa.R.A.P. 2119.

---

[4] We note that Appellant's suggestion that he raised this issue in a motion for nonsuit is not supported by the record. ***See*** N.T. at 103-06; ***see also*** Appellant's Brief at 40. Moreover, as observed by the trial court, it appears Appellant specifically *conceded* this point during trial. ***See*** Trial Court Opinion at 11-12 (citing N.T. at 37, 175).

Absent waiver on the above ground, and similar to our discussion of Appellant's fourth issue, *supra*, Appellant's request for JNOV is inappropriate, and Appellant has not requested a new trial. **See Eichman**, 824 A.2d at 317. Nevertheless, on the merits, which we review for clear abuse of discretion or error of law controlling the outcome of the case, **see id.**, the trial court stated the following:

> Appellant premises [his] argument on a provision in the life insurance policy that prohibits agents from modifying the insurance policy. [Wife], however, never alleged that [Appellant] alone could modify the insurance policy to make her the beneficiary. She simply alleged that during a meeting in 1983[, Appellant] took the change of beneficiary documents that [Husband] had signed but failed to submit them to Prudential.

Trial Court Opinion at 10. We agree. The premise of Appellant's claim is without merit, and thus, we discern no abuse of the trial court's discretion or error of law.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015

- 13 -