J-A21013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FAN XIAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OI YEE HUNG AND CHING K. WONG, | |
| Appellants | No. 2510 EDA 2015 |

Appeal from the Judgment Entered October 26, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  December Term 2013, No. 2207

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 17, 2016**

Appellants, Oi Yee Hung and Ching K. Wong, appeal from the judgment entered on October 26, 2015,[1] after the trial court's denial of Appellants' motion for post-trial relief, in which they requested that the court

---

[1] Appellants purport to appeal from the July 10, 2015 order denying their post-trial motion.  However, "[a]n appeal from the denial of post-trial motions is *interlocutory* and not a final appealable order." **Sagamore Estates Property Owners Ass'n v. Sklar**, 81 A.3d 981, 983 n.3 (Pa. Super. 2013) (citation omitted).  "An appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions…." **Vance v. 46 and 2, Inc.**, 920 A.2d 202, 205 n.2 (Pa. Super. 2007) (citation omitted).  Accordingly, we directed Appellants, by *per curiam* order dated October 15, 2015, to praecipe the trial court prothonotary to enter judgment, and to file with the prothonotary of the Superior Court within ten days a certified copy of the trial court docket reflecting the entry of the judgment.  The record reflects that Appellants have timely complied, and judgment was entered on October 26, 2015.

vacate its findings in favor of Appellee, Fan Xian. After careful review, we affirm.

The relevant facts and procedural history of this case were summarized by the trial court in the following portion of its Pa.R.A.P. 1925(a) opinion:

On December 17, 2013, [Appellee] commenced the instant action against [Appellants] by writ of summons. On January 21, 2014, [Appellee] filed his complaint against [Appellants] asserting counts for breach of contract; fraud; conversion; interference with a contractual relationship; and unjust enrichment. Therein, [Appellee] averred that on or about December 10, 2012, he and [Appellants] "entered into a commercial lease/purchase agreement in reference to the real property known as 1701-1717 North 2nd Street, Philadelphia, PA 19122 (the "Lease Purchase Agreement")." "Under Paragraph 36 of the Lease Purchase Agreement," [Appellee] asserted he "was granted an option to purchase the property and [Appellants] agreed to automatically accept his request to purchase the property pursuant to the terms stipulated under Paragraph 36 of the Lease Purchase Agreement."

In terms of exercising the option, [Appellee] asserted he exercised the option on or about August 6, 2013, which was acknowledged and accepted by [Appellants'] counsel on August 27, 2013, but thereafter [Appellants] failed to cooperate in good faith to consummate the transaction. Rather, [Appellee] asserted on January 13, 2014, [Appellants] "wrongfully terminated the Lease Purchase Agreement by asserting that [Appellee] had not paid rent in December and January when in fact [Appellee] **did** pay the rent in December and the January rent was not yet due…."

…

[Appellee] attached a copy of the lease agreement to [his] complaint. The lease, dated December 12, 2012, provided that one year after the commencement of the lease, monthly installments of rent were due "on the fifteenth (15th) day of each month." The lease also provided at Paragraph 36, titled

- 2 -

"OPTION TO PURCHASE," that [Appellee]: "shall have a first right option to purchase the property from [Appellants] during this lease. [Appellants] shall automatically accept the requested option to agree to the sale pursuant to the terms below and shall not have any basis for refusing the request from [Appellee].

On December 10, 2014, [Appellants] filed an answer to the complaint along with new matter and counterclaim. The first page of this filing contained a notice to defend rather than a notice to plead.

…

[Appellee] did not file a reply to [Appellants'] new matter and counterclaim, and on June 10[,] 2015, the case proceeded to [a] bench trial before this court. At the trial, but prior to testimony being presented, [Appellants] raised for the first time the issue of [Appellee's] failing to file a reply to [their] new matter and counterclaim, and suggested all of the allegations therein should be deemed admitted. The trial proceeded and [Appellants] … again raised the issue in closings. At that time, defense counsel argued [Appellants] were not seeking a default judgment, but that every allegation in the new matter and counterclaim be deemed admitted. [Appellants] argued based on those admissions a judgment in their favor for possession of the property, for termination of the lease, and for rent and legal fees, and [that] a judgment in their favor for all of [Appellee's] claims should be entered.

Following the conclusion of the trial, this court issued findings of fact and conclusions of law from the bench, which were filed of record with the prothonotary on June 11, 2015. This court found the testimony of the attorney who represented [Appellee] in exercising the option very credible. This court found that the lease was unambiguous, and the option was clearly exercised, but [Appellants] failed to act in good faith to carry out that transaction. The court ordered [Appellants] [to] sell the property to [Appellee] for $800,000 per the terms of their agreement. The court also ordered [Appellee], who was still occupying the property, [to] pay [Appellants] rent of $500 per month for April 2014 to the time of trial, at a total of $6,550.

Trial Court Opinion (TCO), 11/6/15, at 1-5 (citations to the record and some internal brackets omitted).

On June 18, 2015, Appellants filed a timely motion for post-trial relief, in which they requested that the trial court vacate its findings in favor of Appellee. Appellants further sought relief in their favor in the amount of $6,500 for back rent, $12,500 in legal fees, and sought possession of the subject real property. After hearing oral argument on the motion, the trial court denied Appellants' request for relief.

On August 6, 2015, Appellants filed a notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[2] Appellants now present the following two issues for our review:

1. Did the trial court incorrectly den[y] Appellants' request that all of Appellants' averments in the counterclaim and new matter be admitted as a result of Appellee's failure to respond to the pleadings, irrespective of whether a notice to defend or notice to plead was attached to Appellants' answer with counterclaim and new matter?

2. Did the trial court incorrectly deny Appellants' motion to dismiss Appellee's complaint as a result of Appellee's failure to respond to Appellee's new matter and counterclaim, thus, allowing Appellee opportunities to defend against allegations of breach of a commercial lease agreement and possession of the real estate in question?

Appellants' Brief at 6 (unnecessary capitalization omitted).

---

[2] We recognize that Appellants set forth seven issues within their Rule 1925(b) statement; however, the trial court found that all of Appellants' claims were waived except for the two issues raised herein. TCO at 9.

Initially, we are constrained to find that Appellants' claims are waived due to their failure to ensure that the transcript from the July 9, 2015 hearing on their post-trial motion for relief (hereinafter "July 9, 2015 hearing transcript") was included in the record. "This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006).[3] Moreover, the law is unequivocal that it is Appellants' responsibility to ensure that the certified record is complete in the sense that it contains all of the necessary materials for this Court to perform its duty. *Id.* Appellants have a duty under Pa.R.A.P. 1911, to order and pay for any transcript necessary to permit the resolution of the issues raised on appeal. Pa.R.A.P. 1911(a); *see also Commonwealth v. Williams*, 715 A.2d 1101, 1105 (Pa. Super. 1998) (stating "Rule 1911 requires appellants to order all transcripts necessary for their appeals").

In the instant case, the certified record contains only the June 10, 2015 trial transcript. However, the July 9, 2015 hearing transcript is essential for our meaningful review of Appellants' claims, as the crux of the issues on appeal centers on Appellee's failure to respond to the averments in Appellants' new matter and counterclaim and the consequences thereof.

---

[3] "The certified record consists of the 'original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court.'" *Preston*, 904 A.2d at 7.

The trial court expressly ordered the parties to be prepared to address these very issues at the July 9, 2015 argument on Appellants' post-trial motion for relief. Hence, we are unable to adequately resolve this matter without reviewing the transcript from that hearing.

The issue of the missing transcript was raised at the oral argument before this Court on August 9, 2016. It is Appellants' burden to ensure that the certified record is complete; however, since that time, it appears that they have not made any effort to supplement the record.[4] In the event that the appellant fails to conform to the rules, "[i]t is not proper for … the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." *Preston*, 904 A.2d at 7 (internal citations omitted). Therefore, based on the omission of the July 9, 2015 transcript, we deem Appellants' claims waived.

Nevertheless, even if Appellants' claims had not been waived, we would conclude that the issues are meritless. As we have previously stated:

> Our standard of review in equity matters is limited to determining whether the trial court committed an error of law or an abuse of discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.

---

[4] Pennsylvania Rule of Appellate Procedure 1931(d) directs the clerk of the trial court to provide the appellant with a copy of the list of record documents. Pa.R.A.P. 1931(d). If the appellant discovers that any documents have been omitted from the certified record, Rule 1926 sets forth the process to obtain a supplemental certified record to correct any omissions. Pa.R.A.P. 1926(b)(2).

*Coldren v. Peterman*, 763 A.2d 905, 907-908 (Pa. Super. 2000). Moreover, we note that an appellate court is bound by the trial court's findings of fact in an appeal stemming from a non-jury trial, unless those findings are not based on competent evidence. *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.*, 777 A.2d 1090, 1092 (Pa. Super. 2001).

> It is not the role of an appellate court to pass on the credibility of witnesses or to act as the trier of fact. In a non-jury trial, the factfinder is free to believe all, part, or none of the evidence, and the Superior Court will not disturb the trial court's credibility determinations. Nonetheless, the trial court's conclusions of law are not binding on an appellate court. This is so because it is the appellate court's duty to determine whether the trial court correctly applied the law to the facts.

*Id.* at 1092-1093.

Here, Appellants assert that Appellee's failure to reply to their new matter and counterclaim should be deemed as an admission of the averments set forth therein, and consequently, that Appellee's complaint should have been dismissed. Appellants' Brief at 7-9. In response to Appellants' motion for post-trial relief in which these same issues were raised, Appellee justified his lack of a response by noting that Appellants improperly attached a notice to defend to their new matter and counterclaim, rather than a proper notice to plead.[5] Appellee relied on this

---

[5] In accordance with the Pennsylvania Rules of Civil Procedure, no responsive pleading is required to be filed unless the preceding pleading contains a notice to defend or a notice to plead in compliance with the forms
*(Footnote Continued Next Page)*

error in denying that he was required to file a responsive pleading.

Appellee's Reply to Appellants' Motion for Post-Trial Relief at 1-2.

We discern that the trial court adequately addressed and disposed of Appellants' claims in its July 9, 2015 order, where it stated:

> [E]ven in the presence "of the necessary notice to plead[,]" "the plaintiff need only reply to factual allegations in the counterclaim or new matter, and the plaintiff is under no obligation to respond to legal conclusions that may have been pled by the defendant," and only properly pleaded facts in the new matter or counterclaim are to be deemed admitted where the plaintiff fails to reply to the defendant's new matter or counterclaim. ***See*** 6 Standard Pennsylvania Practice 2d § 30.12. Moreover, when a fact has been put at issue by the complaint and answer, there is no need to respond to it if it is also included in new matter or counterclaims. ***See Watson v. Green***, 231 Pa. Super. 115, 118 (1974). [n]New matter and counterclaims properly contain averments of facts only if they are *extrinsic* to facts averred in the complaint." ***Id.*** (emphasis added [by the trial court]).

Trial Court Order, 7/9/15, at 1. The court then went on to explain:

> Here, [Appellee] alleged in his complaint that:
>
> - 19. Under Paragraph 4 of the lease, [Appellee] is obligated to pay monthly rent to [Appellants] commencing December 15, 2013 in the amount of $500.00 and the fifteenth day of each month thereafter.
>
> - 20. [Appellee] tendered the first payment of rent to [Appellees] in accordance with the Lease Purchase Agreement.

*(Footnote Continued)* ───────

set forth under Rules 1018.1 and 1361, respectively. Pa.R.C.P. 1026(a). Rule 1018.1 sets forth the proper form of a notice to defend, which requires a response to a complaint. Pa.R.C.P. 1018.1. Rule 1361 provides the proper form of a notice to plead, which requires a response to all other pleadings subsequent to the complaint. Pa.R.C.P. 1361.

- 21. On January 13, 2014, [Appellants] wrongfully terminated the Lease Purchase Agreement by asserting that [Appellee] had not paid rent in December and January when [Appellee] did pay the rent in December and the January rent was not yet due.

In response, [Appellants] alleged in their answer that:

- 19. It is admitted that pursuant to the commercial lease agreement, [Appellee] is obligated to pay monthly rent in the amount of $500.00 per month. By way of further answer, [Appellee] had failed and refused to do so.

- 20. It is specifically denied that any lease purchase agreement exists and strict proof to the contrary is demanded thereof.

- 21. Denied, on the contrary, [Appellants] properly terminated the commercial lease agreement, and therefore the option to purchase, and strict proof to the contrary is demanded.

Arguably, by virtue of their failure to specifically deny the factual averments in Paragraphs 20 and 21, it is [Appellants] whom should be deemed to have admitted that [Appellee] tendered December's rent in accordance with the lease and that January's rent was not yet due when they terminated the lease. But in any event, there was no need for [Appellee] to respond to averments [in Appellants' counterclaim and new matter] such as "[i]n breach of the terms of the commercial lease agreement, [Appellee] has failed to pay rent for the period December 10, 2013 through and including December 2014[,]" because the matter was clearly placed into issue by the complaint and answer. And as such, there is no basis to grant [Appellants'] motion for post-trial relief and deny [Appellee] specific performance.

Moreover, by the time [Appellee] had actually stopped paying rent in this case, [Appellants] had already materially breached the lease by their actions and inactions in terms of the option to purchase provision, which also provided that its terms and conditions "shall supercede [*sic*] any terms elsewhere in the agreement that is in conflict with these conditions[,]" (emphasis added [by trial court]), and by wrongfully terminating it.

- 9 -

> Suspending payment of rent under such circumstances did not defeat [Appellee's] right to specific performance and [Appellants] were more than made whole by the award of $6,500.

*Id.* at 2 (internal citations and some quotation marks omitted). After careful review, we conclude that the court's factual determinations are well-supported by the record, and we would discern no abuse of discretion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2016