## Westinghouse Electric Corp. v. Department of Labor & Industry

*Mahlon E. Lewis, Lewis, Drew, Gregg & Price*, for plaintiff.

*Morley W. Baker, Special Deputy Attorney General, Herbert B. Cohen, Attorney General*, for defendant.

RICHARDS, P. J., December 8, 1955.—This is a mandamus proceeding in which plaintiff seeks to compel defendant to credit plaintiff's reserve account in the Unemployment Trust Fund with all benefit payments made to employes in 730 cases which arose subsequent to September 30, 1951, and upon which employe benefit payments had been completed prior to June 1, 1953, and which cases involved benefit years prior to June 1, 1953. The claim to these credits is based upon section 302(*f*) of the Unemployment Compensation Law of December 5, 1936 (1937), P. L. 2897, as amended by the Act of September 29, 1951, P. L. 1580, 43 PS §782. This section relieves the account of the employer from charges for compensation paid if the department finds that the employe was separated from his employment for willful misconduct connected with his work, or due to his voluntarily leaving his work without good cause attributable to his employment. The act limits the right to such credits to charges arising out of a benefit year commencing after September 30, 1951. It also affords this advantage to the employer provided he has filed a notice with the department in accordance with its rules and regulations.

Regulation 19, promulgated by defendant, limited the benefits granted by section 302(*f*) to cases where the employer notified the department within 30 days

of the separation from employment, or within 10 days after the date of financial determination. Later this regulation was modified to provide that when notice was given at a later date, relief would be granted for benefits paid for weeks ending on or after 10 days subsequent to the date such late request was filed, but limited it to benefit years commencing on or after June 1, 1953.

On June 1, 1953, plaintiff had some 154 cases involving benefit years subsequent to September 30, 1951, the date in the act, but prior to June 1, 1953, the date in the modified regulation. They presented claims in these cases which were finally refused by the Unemployment Compensation Board of Review. Plaintiff herein thereupon appealed to the Superior Court.

Subsequently, plaintiff ascertained that there were 96 additional cases in which they were entitled to relief and requested consolidation with the 154 involved in the Superior Court appeal. This was refused, but it was apparently agreed that these 96 cases should be governed by the outcome of the appeal: Complaint no. 9.

Shortly before argument was to be heard on this Superior Court appeal, counsel for defendant presented to counsel for appellant a proposed stipulation providing that the decision of the board of review, refusing the credits, be vacated and that the Superior Court enter an order remanding the case on appeal for further consideration and appropriate action with respect to plaintiff's request for relief. Plaintiff's counsel refused, but made a counter proposal that the stipulation be extended so that it should cover: (a) The 154 cases involved in the appeal; (b) the 96 cases to be governed thereby; and (c) any other cases where employer did not notify the bureau that the cases fell within section 302 ($f$) of the act and which arose subse-

quent to September 30, 1951, and were completely paid out prior to August 24, 1953.

Thereupon, counsel for defendant suggested that the proposal be covered by a letter, rather than re-write the stipulation. The letter was dispatched and the original stipulation filed with the Superior Court, which, by appropriate order, vacated the decision of the board of review (in the 154 cases) and remitted the case for further consideration and appropriate action. Thereafter plaintiff sent specific information as to the employes covered by (a) and (b) above, together with 893 new cases covered by (c) above. After scrutiny, the 893 new cases were reduced to 730. On May 31, 1955, the bureau allowed credit in 186 cases covered by (a) and (b) above and declined action as to (c).

The present mandamus action seeks credit for the 730 cases involved in (c) above, but does not involve any of the cases in (a) or (b).

Preliminary objections were filed to the complaint. They are: (1) The complaint does not show that defendant has made a determination, as required by section 302(f), that plaintiff is entitled to the relief sought; (2) the complaint does not show that plaintiff made a timely request for relief under section 302(f) and regulation 19; (3) that plaintiff has a full, adequate and complete remedy at law under section 302(f) and article V of the act.

The case has been duly argued and is now before us for decision.

Plaintiff contends: (1) That defendant is bound by the aforesaid stipulation and is bound thereby to grant the relief sought in the 730 cases involved; (2) that defendant ratified and affirmed the stipulation by failing to disaffirm it for approximately 14 months; (3) that regulation 19, as originally promulgated or as modified is invalid and unconstitutional; and (4) that mandamus is a proper remedy.

The contention of defendant is adequately set forth in its preliminary objections set forth above.

*Discussion*

The prayer of the complaint is twofold: (1) To credit its account in 730 cases in which plaintiff contends it is entitled to relief under section 302(*f*) ; and (2) further to do such things as may be necessary to carry into effect plaintiff's rights under the Unemployment Compensation Law.

We are extremely doubtful of our right to order the credits to be entered.

Section 302(*f*), 43 PS §782, provides that the account shall be charged with compensation paid unless *the department finds* that the employe's separation was because of willful misconduct connected with his work, or because the employe voluntarily left his work without good cause attributable thereto. In other words, the department must make this finding, not the employer. In our opinion, there has been no finding one way or another with reference to the 730 cases here involved.

The same section of the act further provides that: "The findings and determinations of the department . . . shall be subject to appeal in the manner provided in this act for appeals from determinations of compensation. . . ."

Sections 509 and 510 of the act, 43 PS §§829, 830, allow an appeal to the Superior Court.

These provisions afford a full, adequate and complete statutory remedy to any aggrieved party. But of course, before these remedies are available, the board *must act*. The department has made no formal findings or determinations in the instant case involving some 730 applications for credit. The only thing bearing on the subject is exhibit "E" attached to the complaint. This is a *letter* addressed to plaintiff which refers to an opinion of the Attorney General (not in

the record), and contains the statement: "there has been no substantive breakdown of the remaining (730) cases, since we do not feel that *any action* can be taken by us *at this time* with respect to them."

This letter was signed by C. E. Reeser, Jr., State Director of Pennsylvania State Employment Service. We do not consider this to be the "findings and determinations" which the department is obliged to make, and which becomes the vehicle that affords plaintiff a remedy. We think that formal action should be taken on the request for credits in the 730 cases. If the decision is adverse to plaintiff, it may appeal to the Superior Court *as it did* with reference to the 154 cases. On this appeal all relevant matters may be pressed, including the evidence to support the findings, the reasonableness and validity of regulation 19, the stipulation of counsel and the advice given to defendant by the Attorney General.

To support these conclusions, we refer to Travis v. Teter, 370 Pa. 326, at page 330, where the Supreme Court said:

"Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. . . ."

In this connection also, and to the same effect, see 11 Standard Pa. Practice, pages 151, 152, §§4, 5 and 6.

It is our opinion, therefore, that we cannot direct the credits to be entered, that plaintiff has a full, complete and adequate remedy at law, but that we do have jurisdiction to direct defendant to process the 730 cases, to make findings and determinations with reference thereto, and to issue formal findings and determinations which will enable plaintiff to pursue the remedies prescribed by the act. We have been advised

by counsel for defendant that it has no objection to such an order now, without the filing of an answer to the complaint.

*Order*

And now, to wit, December 8, 1955, the preliminary objections are sustained to the extent noted; they are dismissed insofar as processing the cases is concerned. Defendant is ordered to make formal findings and determinations as to the right of plaintiff to credits in the 730 cases.