IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mamady Kaba,                       :
               Petitioner         :
                                     :
          v.                     :
                                       :
Jennifer Berrier, Acting Secretary   :
for Pennsylvania Department       :
of Labor and Industry,             :    No. 124 M.D. 2021
               Respondent    :    Submitted: March 11, 2022


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE LORI A. DUMAS, Judge


OPINION
BY JUDGE FIZZANO CANNON           FILED: April 27, 2022


Mamady Kaba (Kaba), *pro se*, petitions for review in this Court's original jurisdiction. Kaba seeks to compel Respondent, Jennifer Berrier, Acting Secretary for the Pennsylvania Department of Labor and Industry (Department),[1] to pay benefits allegedly due on Kaba's application for Pandemic Unemployment Assistance (PUA) and/or to adjudicate Kaba's eligibility for regular unemployment compensation (UC) benefits under the Unemployment Compensation Law (UC Law).[2] Currently before the Court for disposition are preliminary objections filed

---

[1] For ease of reference, Respondent is referred to as the Department herein.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2892, *as amended*, 43 P.S. §§ 751 – 918.10.

by the Department. For the reasons discussed below, we overrule the preliminary objections.

## I. Kaba's Petition for Review

In his petition for review, Kaba avers that he left his job in December 2020 because he has a heart condition and his employer was not following safety guidelines issued by the Centers for Disease Control and Prevention related to the COVID-19 pandemic. Pet. for Rev., ¶ 4. He alleges that he applied and was approved for PUA benefits but never received any payments. *Id.*, ¶ 5. He further states that the Department informed him in April 2021 that he should apply for regular UC benefits instead of PUA benefits, but when he attempted to do so, the Department's online portal would not allow him to apply for UC benefits because he already had an active PUA benefits application. *Id.*, ¶¶ 8-9. Kaba seeks relief from this Court in the form of an order directing the Department to review his case, permit him to file the appropriate claim, and pay any benefits that may be due. *Id.* at 4.

## II. The Department's Preliminary Objections

The Department preliminarily objects to the petition for review on several grounds. First, the Department asserts that the petition for review sounds in mandamus and such relief is not available as a matter of law. Second, the Department contends that Kaba failed to exercise and exhaust his statutory remedies. Third, the Department posits that this Court lacks subject matter jurisdiction to adjudicate unemployment compensation claims. Finally, the Department argues that the petition for review is legally insufficient because it lacks the requisite specificity.

### III. Discussion

When considering preliminary objections, we accept as true all well-pleaded material facts in the petition for review and all reasonable inferences deducible from those facts. *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (citing *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014)). We will sustain a preliminary objection only when it is clear and free from doubt that the facts as pleaded are legally insufficient to establish a right to relief. *Minor*, 155 A.3d at 121 (citing *Kittrell*, 88 A.3d at 1095).

### A. Demurrer – Mandamus

In its first argument, the Department correctly states that relief sounding in mandamus is available only to compel performance of a ministerial duty,[3] not a discretionary one. *See* Br. of Resp't at 5-6 (citing *Crozer Chester Med. Ctr. v. Dep't of Labor & Indus., Bureau of Workers' Comp., Health Care Servs. Rev. Div.*, 22 A.3d 189, 193 (Pa. 2011); *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997)). Further, the Department insists it already exercised its discretion and also followed applicable law by determining that Kaba was ineligible for both PUA and regular UC benefits. Br. of Resp't at 6.

In his petition for review, Kaba expressly alleges that the Department found him eligible for PUA benefits but then failed to pay those benefits. Pet. for Rev., ¶ 5. If Kaba can prove that allegation, he will be entitled to mandamus relief, as the Department will have a ministerial duty to pay amounts it has already determined are due. *See Rose Tree Media Sch. Dist. v. Dep't of Pub. Instruction*,

---

[3] "A ministerial act has been defined as one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority." *Rose Tree Media Sch. Dist. v. Dep't of Pub. Instruction*, 244 A.2d 754, 755 (Pa. 1968).

244 A.2d 754, 755-56 (Pa. 1968) (reversing the trial court's dismissal of a mandamus complaint on preliminary objections and explaining that once the Department of Education approved reimbursable transportation costs payable to a school district, there was no discretion remaining to be exercised, and the department was mandated by statute to remit an amount to be determined by applying a mechanical formula).

Regarding his claim for regular UC benefits, Kaba alleges that the Department instructed him to file an application for such benefits but that its online system prevented him from doing so. Pet. for Rev., ¶¶ 8-9. His request for relief does not seek to require the Department to exercise its discretion to reach any particular outcome, but merely to allow Kaba to apply for benefits and to adjudicate his claim thereafter. *Id.* at 4. The Department acknowledges that although mandamus will not lie to force an agency to exercise its discretion in a particular way, mandamus may properly compel an agency to act by exercising its discretion where it refuses to do so. Br. of Resp't at 6 (citing *Dodgson v. Pa. Dep't of Corr.*, 922 A.2d 1023, 1027 (Pa. Cmwlth. 2007); *Evans v. Pa. Bd. of Prob. & Parole*, 820 A.2d 904, 914-15 (Pa. Cmwlth. 2003)). Therefore, this claim properly sounds in mandamus.

The Department insists, however, it already considered and rejected Kaba's claims for both PUA and regular UC benefits. Br. of Resp't at 10-11. If proven, the Department's assertions could be dispositive of Kaba's petition for review, as his only avenue of relief would then lie not in mandamus, but in appeals, if timely, of the Department's adjudications. However, the difficulty with this argument is that in its preliminary objections, the Department relies on averments of facts that are not of record at this stage of the proceedings. Notably, the Department has not attached copies of its purported determinations. Moreover, the Department's assertions

4

of fact are directly contrary to the averments in the petition for relief, in which Kaba alleges he was approved for PUA benefits but never received them and was prevented thereafter from applying for regular UC benefits. Pet. for Rev., ¶¶ 5 & 8-9.

As stated above, this Court must accept as true all well-pleaded factual averments in the petition for review. *Minor*, 155 A.3d at 121 (citing *Kittrell*, 88 A.3d at 1095). Thus, we cannot dispose of a claim based on unsupported averments of disputed facts raised in preliminary objections.[4] *See Minor*, 155 A.3d at 126 (reaffirming that preliminary objections raising an issue of fact require resolution of disputed facts "through interrogatories, depositions, or an evidentiary hearing"); *Schmitt v. Seaspray-Sharkline, Inc.*, 531 A.2d 801, 803 (Pa. Super. 1987) (same).

## B. Exercise of Statutory Remedies

Next, the Department argues that Kaba cannot bring a claim in this Court because he is limited to statutory remedies provided under the UC Law. Br. of Resp't at 9. We disagree that the available statutory remedies necessarily preclude Kaba's petition for review in the circumstances of this case.

---

[4] We note that Kaba failed to respond to the preliminary objections. Rule 1029(b) of the Pennsylvania Rules of Civil Procedure provides, in pertinent part, that "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.Civ.P. 1029(b). However, the Superior Court has repeatedly observed that in determining whether a pleaded fact has been denied, a court must examine the pleadings as a whole. *See Bruzzese v. Bruzzese*, 40 Pa. D. & C. 5th 400, 405 (2014) (citing *Alwine v. Sugar Creek Rest., Inc.*, 883 A.2d 605, 609 (Pa. Super. 2005); *Ramsey v. Taylor*, 668 A.2d 1147, 1149 (Pa. Super. 1995); *Cercone v. Cercone*, 386 A.2d 1, 3 (Pa. Super. 1978)), *aff'd* (Pa. Super., No. 1056 WDA 2014, filed May 12, 2015), 2015 Pa. Super. Unpub. LEXIS 1319. In *Bruzzese*, the trial court found that factual averments pleaded in new matter, although not specifically denied, were denied by necessary implication because those averments were directly contrary to specific facts pleaded in the complaint. 40 Pa. D. & C. 5th at 405. We find that reasoning analogous and persuasive here. We conclude, therefore, that the averments of fact in the Department's preliminary objections, which are directly contrary to specific facts averred in Kaba's petition for review, are denied by necessary implication.

In *Westinghouse Electric Corp. v. Department of Labor & Industry*, 7 Pa. D. & C. 2d 306, 310-11 (1955), the Dauphin County Court of Common Pleas[5] overruled preliminary objections to a mandamus claim seeking UC payments. There, as here, the Department filed preliminary objections arguing that the UC Law provides the exclusive procedures and remedies for UC proceedings. *See id*. at 309-10. The court acknowledged that the provisions of the UC Law "afford a full, adequate and complete statutory remedy to any aggrieved party." *Id.* at 310. Nonetheless, the court concluded that a mandamus claim seeking payment of monies allegedly due under the UC Law was not barred, because "of course, before these remedies are available, the [Department] *must act*. The [D]epartment has made no formal findings or determinations in the instant case . . . ." *Id.*

We find the *Westinghouse* court's reasoning persuasive here. Kaba asserts that the Department directed him to file a regular UC benefits application instead of his pending PUA application, but the Department's online system prevented him from doing so because of that same PUA application.[6] Pet. for Rev.,

---

[5] Before the creation of this Court, original jurisdiction claims against administrative agencies were brought in the Dauphin County Court of Common Pleas. *See Pa. Pub. Util. Comm'n v. Israel*, 52 A.2d 317, 323 (Pa. 1947). This Court has explained:

> The Judiciary Article (Article V) of the Constitution of Pennsylvania of 1968 created the Commonwealth Court as a State-wide court with subject matter jurisdiction to be as provided by law. . . . As to subject matter jurisdiction, this . . . was essentially designed to transfer to the new Commonwealth Court the State-wide jurisdiction theretofore enjoyed by the Dauphin County Court [of Common Pleas] with respect to State agencies . . . upon particular subjects.

*In re Crime Comm'n Subpoena Enf't Petition*, 2 Pa. Commw. 650, 655 (Pa. Cmwlth. 1971).

[6] Although the Department infers from Kaba's petition for review that his application for PUA benefits must have been denied if the Department instructed him to file for regular UC

¶¶ 8-9.  Taking that averment as true, as we must in considering preliminary objections, we conclude that the petition for review is facially sufficient to assert a claim to compel the Department to consider and issue a determination on a UC benefits application, particularly because Kaba alleges that the Department itself directed him to file that application and then prevented him from filing it.

As for the PUA application, Kaba avers that the Department found him eligible for PUA benefits, but nonetheless failed to pay them.  Pet. for Rev., ¶ 5.  The Department does not point to any provision of the UC Law that provides an applicant with a statutory means of compelling the issuance of delinquent benefits payments where eligibility has already been determined.

Further, in support of this preliminary objection, the Department again relies on its assertion that it has already adjudicated Kaba's applications for both PUA and regular UC benefits.  However, as explained in the preceding section, those unsupported averments of fact, which are contrary to those pleaded in the petition for review, provide an insufficient basis for this Court to sustain the preliminary objections.

## C. Subject Matter Jurisdiction

In its next argument, the Department asserts that an administrative proceeding under the UC Law provides Kaba's exclusive means of seeking PUA and regular UC benefits.  Br. of Resp't at 9-10.  This contention is closely related to the Department's previous argument, and we overrule this preliminary objection for the same reasons set forth in Sections A and B above.

---

benefits, that inference is belied by Kaba's averment that the ongoing pendency of his PUA application prevented him from applying in the alternative for regular UC benefits.  Accordingly, this remains a disputed question of fact.

**D. Specificity of the Petition for Review**

Finally, the Department avers that the petition for review is insufficiently specific to provide notice of what the Department did that deprived Kaba of a right. Br. of Resp't at 10-11. The gist of the Department's supporting argument, however, is merely another iteration of its avowals that it already investigated Kaba's claim for PUA and regular UC benefits and determined he was ineligible for either type of benefits. *Id.* at 11. As discussed in the previous sections, those assertions raise questions of fact. The Department cannot overcome what is clearly a factual dispute by repackaging it as an alleged lack of specificity in Kaba's pleading.

Moreover, we disagree that the petition for review lacks specificity. Kaba alleges that he applied and was approved for PUA benefits but that he never received any payments. Pet. for Rev., ¶ 5. Kaba asserts that, months later, the Department informed him that he should apply for regular UC benefits instead of PUA benefits, but that when he attempted to follow this direction, he could not access the Department's online portal to apply for UC benefits because of his existing PUA benefits application. *Id.*, ¶¶ 8-9. Contrary to the Department's argument, these averments are sufficiently specific to inform the Department of Kaba's claims. Indeed, the Department's own records should provide the means of determining the accuracy of Kaba's averments in order to formulate a response to the petition for review.

**IV. Conclusion**

Based on the foregoing discussion, we conclude that the preliminary objections raise questions of fact that preclude disposition of this matter based on

the Department's preliminary objections.  Accordingly, the preliminary objections are overruled.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mamady Kaba,                                          :
                          Petitioner                  :
                                                      :
           v.                                         :
                                                      :
Jennifer Berrier, Acting Secretary                    :
for Pennsylvania Department                           :
of Labor and Industry,                                :    No. 124 M.D. 2021
                          Respondent                  :

## O R D E R

AND NOW, this 27th day of April, 2022, upon consideration of the preliminary objections of Jennifer Berrier, Acting Secretary for Pennsylvania Department of Labor and Industry (Department) to the petition for review filed by Mamady Kaba, the preliminary objections are OVERRULED. The Department shall file an answer to the petition for review within 30 days of the date of this order.

_____
CHRISTINE FIZZANO CANNON, Judge