525 A.2d 428

James P. FOX and Angela Fox, husband and wife, Appellants,

v.

Robert J. BYRNE, M.D. and Norristown Surgical Associates, Incorporated, Appellees. (Two Cases)

Superior Court of Pennsylvania.

Argued Jan. 14, 1987.

Filed April 29, 1987.

Beth Liss Shuman, Philadelphia, for appellants.

Alan K. Cotler, Philadelphia, for appellees.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

CIRILLO, President Judge:

Must a plaintiff file a responsive pleading to new matter in a defendant's answer which raises the statute of limitations as an affirmative defense, when the plaintiff's complaint states facts indicating that the statute should be extended via application of the discovery rule?

72

The Court of Common Pleas of Montgomery County granted defendant's, Dr. Robert Byrne and Norristown Surgical Associates, motion for judgment on the pleadings since the plaintiffs, James and Angela Fox, failed to respond to such new matter. Because we find that the answer to the question posed above is no, we reverse. We also quash appellants' appeal from the trial court's denial of their motion to reconsider.

The Foxes instituted suit against Dr. Robert Byrne and Norristown Surgical Associates (appellees) on November 5, 1982, by filing a praecipe for summons.

On August 8, 1984, the Foxes filed a complaint alleging Dr. Byrne's negligent performance of surgery on Mr. Fox's fractured leg on September 10, 1980. Among the acts of negligence alleged were the decision to perform the surgery; permitting a bone fragment to be expelled from the wound onto the floor and then sterilizing and reinserting the bone fragment; and improperly selecting and inserting an intramedullary rod. The complaint also alleged the doctor's "[c]oncealing from the husband-plaintiff":

1) "the fact that bone left the operative site";
2) "the fact that the bone which left the operative site became contaminated and necrotic and that such necrotic bone was reinserted into the fracture area";
3) "the fact that the rod was undersized and had failed to immobilize the fracture and had backed out of the femur."

Paragraph 12 of the complaint further asserted:

The husband-plaintiff continued under the care of the defendants until on or about December 23, 1980, relying on the defendants' assurances and representations that all was well in the treatment and progress of healing; it was not until December 22, 1980 that the husband-plaintiff became aware for the first time that the rod was backing out of the bone. It was later still that husband-plaintiff became aware of the contamination of the bone during surgery.

The defendants filed an answer and new matter on August 14, 1984. The answer admitted that the bone fragment had been expelled and reinserted, and that the rod had backed into the femur. However, the answer specifically denied all allegations of concealment, and averred that Dr. Byrne kept Fox "fully informed as to his treatment and condition while he was under the care of Defendant Byrne."

The new matter raised Fox's contributory negligence for ceasing treatment with Dr. Byrne on December 23, 1980, and the bar of the statute of limitations in that suit was filed on November 5, 1982, "[t]he injury ... occurred on September 10, 1980," and hence "[m]ore than two years expired between the date of the injury and commencement of this action."

The Foxes filed no reply to the new matter. On November 5, 1984, the defendants moved for judgment on the pleadings. The Foxes responded on October 10, 1985, with a memorandum in opposition to the motion.

On June 11, 1986, Judge Subers granted judgment on the pleadings to the defendants. On June 24, he denied the Foxes' motions for reconsideration and for nunc pro tunc amendment of the pleadings to respond to new matter. The Foxes have filed two appeals. The first appeal is from the order granting the motion for the judgment on the pleadings. The second appeal is from the court's denial of appellant's motion for reconsideration. Because this is not an appealable order, we quash the second appeal and consider only the first. *Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977).

Rule 1030 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

"All affirmative defenses including but not limited to the defenses of ... statute of limitations ... shall be pleaded in a responsive pleading under the heading 'New Matter' ".

An affirmative defense for "new matter" purposes is a defense which, even if all the allegations of the complaint are true, is still a bar to the plaintiff's recovery. *Pisiechko*

*v. Diaddorio*, 230 Pa.Super. 295, 300, 326 A.2d 608, 610 (1974). The Rules require that a defendant plead these matters and the plaintiff reply to them so that the issues in the dispute may be sharpened at an early stage. If the court then determines that there does not exist any factual dispute, it may resolve the case as a matter of law and avoid an unnecessary trial. *See, e.g., Sechler v. Ensign-Bickford Co.*, 322 Pa.Super. 162, 166, 469 A.2d 233, 235 (1985), *Ruhe v. Kroger Co.*, 425 Pa. 213, 216, 228 A.2d 750, 751 (1967).

An affirmative defense which is not properly raised in new matter is waived. *Judge v. Celina Mut. Ins. Co.*, 303 Pa.Super. 221, 226, 449 A.2d 658, 661 (1982). Likewise, if a plaintiff fails to properly respond to an affirmative defense pled as new matter, the factual averments underlying that defense are admitted and the defendant is entitled to judgment on the pleadings. *Hyser v. Allegheny County*, 61 Pa.Comwlth. 169, 170, 434 A.2d 1308, 1310 (1981). The plaintiff need not deny conclusions of law but he must respond to factual averments which provide the basis for those conclusions. *Enoch v. Food Fair Stores, Inc.*, 232 Pa.Super. 1, 5, 331 A.2d 912, 914 (1974).

The statute of limitations is an affirmative defense which ordinarily must be raised as new matter or it is waived. *Bartanus v. Lis*, 332 Pa.Super. 48, 64, 480 A.2d 1178, 1186 (1984). *See also* Pa.R.Civ.P. 1030. It is an affirmative defense because even if the plaintiff's allegations are true and he has made out a cause of action, the statute of limitations may be a bar to his recovery. *Sechler*, 322 Pa.Super. at 166, 469 A.2d at 235. Therefore, the typical situation is as follows: the plaintiff's complaint alleges facts necessary to sustain his claim; the defendant's answer pleads as new matter facts required to make out a statute of limitations defense; the plaintiff's response denies those facts.

However, this simple series of steps becomes muddled and confused in cases involving the equitable "discovery rule." The discovery rule as applied in Pennsylvania deci-

sions is explained in *Prince v. Trustees of University of Pennsylvania*, 282 F.Supp. 832 (E.D.Pa.1968):

> "The Pennsylvania Supreme Court has held that the statute of limitations in a personal injury malpractice case does not begin to run until the plaintiff or injured party either is aware or reasonably should be aware of the harm he has suffered. In *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959), the rule was applied to a sponge left in the complainant's abdomen during an ulcer operation. The source of pain which the complainant suffered was not discovered for nine years."

*Id.* at 840–41.

In *Stein v. Richardson*, 302 Pa.Super. 124, 448 A.2d 558 (1982), this court stated that "the Pennsylvania discovery rule delays the accrual of the cause of action from the time of the defendant's negligent conduct to a time when the injury caused by that conduct becomes known or knowable." *Id.*, 302 Pa.Superior Ct. at 135, 448 A.2d at 563.

In *Stein*, we held that once a defendant pleads the statute of limitations as new matter it is the plaintiff's obligation to present facts indicating that the discovery rule is applicable. *Id.*, 302 Pa.Superior Ct. at 142, 448 A.2d at 566. The *Stein* court reviewed the pleadings and determined that the trial court was never presented "any facts indicating that the injury was discovered at such a time as would bring the complaints filed within the statute of limitations period." *Id.*, 302 Pa.Superior Ct. at 140, 448 A.2d at 566. The court affirmed the trial court's decision granting judgment on the pleadings. We stated "that the complaint presented, on its face, contained no facts which would indicate that the claim could be sustained." *Id.* The *Stein* court apparently would have been willing to reverse the trial court's decision if the plaintiff's complaint had contained sufficient facts to justify application of the discovery rule. The court did not hold that the plaintiff's claim should be automatically dismissed because he did not specifically reply to the defendant's new matter raising the statute of limitations as a defense. The court was willing

to search the pleadings to determine whether the Steins had at any time asserted that they were unable to discover the injury or could not have been able to discover the injury until such time as would prevent the statute from acting as a bar. Therefore, based upon the reasoning of the *Stein* court, there are two ways a plaintiff may proceed when he wishes to assert the "discovery rule". He may wait until the defendant asserts the statute of limitations defense as new matter and file a responsive pleading presenting a factual denial of the defense consistent with application of the discovery rule. Or, he may plead sufficient facts to sustain application of the rule in his initial complaint. In the latter case, the plaintiff need not specifically respond even if the defendant affixes the new matter label to the defense.

Appellees claim that this rule will over-burden and confuse our trial courts. They claim that a plaintiff should be required to specifically respond to new matter without exception. They argue that a court should not have to comb the pleadings to see if the new matter has been contradicted. Appellees assert that it is much more efficient if a plaintiff files a specific response even if that response is repetitive of facts already pled in the complaint. We are grateful for the appellees heartfelt concern for the welfare of our judicial brethern but we find ourselves much more confident of those jurists' abilities. The ordinary complaint is neither very long nor very complicated. When an affirmative defense is pled as new matter and the plaintiff chooses not to reply and the defendant moves for judgment on the pleadings, a trial court must examine the original complaint to determine if it factually controverts the asserted defense. We have no doubt that our judges can meet this challenge as they routinely handle much more complex tasks.

This result is fair, simple and consistent with the applicable precedent. An affirmative defense is a defense which will bar recovery even if all the facts in the complaint are true. The plaintiff must respond because if the defense is

applicable, he is not entitled to recovery and a trial would be a waste of time and resources. However, if the complaint alleges facts sufficient to deny application of the defense then it does not bar recovery. It is no longer a true affirmative defense. In that situation, it is no more than a denial of the plaintiff's allegations. The issue must be settled by a factfinder much like any other factual disagreement. Forcing a plaintiff to file a pro forma response as if his complaint had been silent on the issue seems to us a rather fruitless exercise. We do not wish to put litigants out of court for noncompliance with pointless technical rules.

It is also settled that a plaintiff does not have to factually deny an assertion merely because it is labeled new matter. He need only respond if the new matter factually avers a true affirmative defense. *Watson v. Green,* 231 Pa.Super. 115, 331 A.2d 790 (1974). The rule urged upon us by appellees would corrupt this principle. Because of the discovery rule, the staute of limitations is not always an affirmative defense. Yet, appellees argue that a plaintiff must always respond when the statute is pled as new matter. Appellees are actually asking this court to adopt an exception to the above cited rule that the plaintiff's required response is governed by the substance of the defendant's pleading and not the label affixed to it. In cases involving the statute of limitations, the label would control. Plaintiffs would have to respond in some situations even though the statute was not a true affirmative defense. As previously discussed, this requirement would be pointless. It would also be confusing.

It would be confusing because plaintiffs would be unsure when they may ignore incorrectly labeled new matter and when they must respond to it. The rule we adopt is fairer and simpler. A plaintiff has to factually deny new matter only when it asserts a defense, which if all the allegations of the complaint are true, is still a bar to the plaintiff's recovery. Any other defense pled as new matter

is wrongly labeled. This result is also consistent with the applicable precedent.

In *Watson v. Green,* a panel of this court reached a similar conclusion. In *Watson,* Ann Watson hired Marshall Bernstein as her attorney and Mr. Bernstein engaged Jean Green to handle Watson's case in Montgomery County. *Watson,* 231 Pa.Superior Ct. at 117, 331 A.2d at 791. The prospective defendant died before Green filed suit but he never filed a complaint against the defendant's personal representative and the statute of limitations expired. Watson later brought an action alleging negligence by Green who filed an answer and new matter denying that an attorney client-relationship ever existed between him and Watson. *Id.,* 231 Pa.Superior Ct. at 117–18, 331 A.2d at 791. Watson failed to respond to the new matter and the Court of Common Pleas entered judgment on the pleadings in favor of Green. The Superior Court reversed, holding that the existence of an attorney-client relationship had been placed in issue by the complaint. Therefore, no reply was needed to the new matter. *Id.,* 231 Pa.Superior Ct. at 118–19, 331 A.2d at 792. The court stated that "[n]ew matter properly contains averments of facts only if they are extrinsic to facts averred in the complaint." *Id.,* 231 Pa.Superior Ct. at 119, 331 A.2d at 792. Because the plaintiff had already put this matter in issue it was not an affirmative defense despite the label used by the defendant. It was a simple denial representing a factual disagreement which must be resolved by the factfinder. Taking all the plaintiff's allegations to be true, the asserted defense would not bar recovery because the plaintiff had already alleged that an attorney-client relationship had in fact existed. Therefore, Green's new matter failed to allege a proper affirmative defense.

In the instant case, the Foxes complaint alleged that they first became aware of Mr. Fox's injury on December 22, 1980. The Foxes instituted suit on November 5, 1982. If the staute was tolled until December 22, 1980 the suit began before the two year statute of limitations expired.

Taking the allegations of the complaint as true, the statute should be tolled because the discovery rule applies. Mr. Fox did not become aware of his injury until December 22. Nor should he have been aware sooner. The complaint also alleges that Mr. Fox relied on Dr. Byrne's assurances that all was well in the treatment and progress of healing. Therefore, taking this to be true, it was reasonable for the Foxes not to discover the injury until December 22. The defendant's new matter raising the statute of limitations is a denial of the above allegations. However, as in *Watson*, if the plaintiff's complaint is deemed true, the asserted defense still does not bar recovery. It is not an affirmative defense. Therefore, the trial court's grant of judgment on the pleadings was improper.

Accordingly, the judgment on the pleadings granted by the Court of Common Pleas of Montgomery County is reversed. Appellant's appeal of the court's denial of their request for reconsideration is quashed.