J-S13045-24

2024 PA Super 102

| | | |
|---|---|---|
| CLETUS STEINBEISER AND ALBERT F. STEINBEISER, ADULT INDIVIDUALS | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| JAMES AND CHRISTINE WERTZ, HUSBAND AND WIFE | : : : | |
| Appellants | : | No. 823 WDA 2023 |

Appeal from the Judgment Entered September 19, 2023
In the Court of Common Pleas of Blair County Civil Division at No(s):
2020 GH 1660

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

OPINION BY KUNSELMAN, J.:                    **FILED: May 20, 2024**

Following a non-jury trial in this property dispute between neighbors, James and Christine Wertz appeal from the judgment entered in favor of Cletus and Albert Steinbeiser, granting the Steinbeisers a prescriptive easement through the Wertzes' property.  The Wertzes claim the Unenclosed Woodlands Act, 68 P.S. § 411, bars the Steinbeisers from acquiring such an easement, as a matter of law.  Because the Wertzes failed to raise this Act as an affirmative defense in their Answer & New Matter, that defense is waived, and we affirm.

Our decision rests on procedural grounds, so we only briefly discuss the facts of the case.  The Wertzes and Steinbeisers are adjoining neighbors.  The Steinbeiser Brothers have lived at the property for their entire lives and acquired ownership of it from their parents.  They and their family have

---

[*] Former Justice specially assigned to the Superior Court.

adversely, openly, notoriously, and continuously used Horsemanship Lane, which runs from their home, through the Wertzes property, to a public highway, for nearly a century. The Wertzes never expressly gave permission for the Steinbeisers to use the lane. The prior owners of the Wertzes property fenced in the land, including both sides of Horseman Lane. No one has maintained the fencing in over 50 years.

Around 2019, a dispute arose between the Wertzes and the Steinbeisers, which caused the Wertzes to obstruct the Steinbeisers' access to the lane. The Steinbeisers sued and brought a cause of action for quiet title, seeking a prescriptive easement on Horsemanship Lane.[1]

The Wertzes filed an Answer & New Matter raising counterclaims for Ejectment and Trespass. However, they included no affirmative defenses in their New Matter. The case proceeded to a bench trial.

At the close of the Steinbeisers' case-in-chief, the Wertzes moved for compulsory nonsuit on the grounds that the Unenclosed Woodlands Act ("the Act") prohibited the Steinbeisers from obtaining a prescriptive easement, as a matter of law. The Steinbeisers opposed the nonsuit, in part, because the Act constituted an affirmative defense that the Wertzes did not raise in their New Matter. Thus, the Steinbeisers contended the Wertzes had waived the affirmative defense under Pennsylvania Rule of Civil Procedure 1030.

---

[1] The Steinbeisers have another route of ingress and egress to their property, so they did not assert an easement by necessity.

The trial court recognized that this "was the first time the issue was raised . . . ." Trial Court Opinion, 5/5/23, at 11. While the trial court did not "condone the tactic of waiting until trial to raise a statutory defense," it declined to find the Wertzes had "waived the right to argue the applicability of the Unenclosed Woodlands Act." *Id.* In the trial court's view, the Act was not "an affirmative defense . . . ." *Id.*

Nevertheless, the court denied the compulsory nonsuit and returned a non-jury decision in favor of the Steinbeisers, because it found that the old, dilapidated fence enclosed the Wertzes' woodlands. Thus, it ruled the Act did not prohibit the Steinbeisers from acquiring a prescriptive easement.

The court denied the Wertzes' motion for post-trial relief. This timely appeal followed.

The Wertzes ask, "Whether the trial court erred by concluding the [Act] did not apply because of the remnants of a long-abandoned fence?" Wertzes' Brief at 5. They contend the dilapidated condition of the fencing entitles them to judgment, as a matter of law, because it has decayed to the point that their woodlands have reverted to an unenclosed state.

Before reaching the merits of the Wertzes' claim, we must first decide whether they properly preserved it for appellate review. According to the trial court, the Unenclosed Woodlands Act is not an affirmative defense to the Steinbeisers' cause of action and, therefore, the Wertzes did not need to raise it in their New Matter. As we explain below, the trial court's waiver analysis was erroneous.

- 3 -

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

The Pennsylvania Rules of Civil Procedure provide that, with the exception of the defenses of assumption of the risk, comparative negligence, and contributory negligence, "***all*** affirmative defenses . . . shall be pleaded in a responsive pleading under the heading 'New Matter'." Pa.R.C.P. 1030(a) (emphasis added). While the Rule lists several affirmative defenses, such as duress, estoppel, laches, and the statute of limitations, it clearly states that the list is ***not*** exhaustive. ***See id.***

This Court has repeatedly held that defendants must plead affirmative defenses regardless of whether they explicitly appear in Rule 1030; otherwise, the defense is waived. For example, the defense of rescission is not among the affirmative defenses listed in Pa.R.C.P. 1030. Even so, this Court has held "that rescission is an affirmative defense, which must be raised by the defendant under the heading new matter in its responsive pleading." ***Falcione v. Cornell School Dist.***, 557 A.2d 425, 428 (Pa. Super. 1989). If a defendant's new matter "is silent as to this defense, he cannot avail himself of its protection." ***Id.***

The Supreme Court of Pennsylvania has defined "affirmative defense" as "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." ***Reott v. Asia Trend, Inc.***, 55 A.3d 1088, 1095 (Pa. 2012).

The Rules of Civil Procedure require a defendant to plead those facts and arguments which give the plaintiff notice of the defenses and an opportunity to reply to them during the pleadings stage. This ensures that the issues in the dispute are sharpened early on in the litigation. **See Fox v. Byrne**, 525 A.2d 428, 430 (Pa. Super. 1987). If there is no factual dispute as an affirmative defense, the trial court may more expediently resolve the case, as a matter of law, and avoid an unnecessary trial. **See id.** Properly pleading all affirmative defenses plays a vital role in the flow and disposition of civil matters.

Here, the Steinbeisers brought a cause of action seeking quiet title to a prescriptive easement. Therefore, they needed to plead and prove adverse, open, notorious, continuous, and uninterrupted use of Horsemanship Lane for a period of 21 years. **See Village of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc.**, 103 A.3d 814, 822 (Pa. Super. 2014). The facts that support their claim concern the nature and duration of the Steinbeisers' use of Horsemanship Lane, but they have nothing to do with the nature of the land itself.

By contrast, landowners seeking to block a prescriptive easement based on the Unenclosed Woodlands Act must plead and prove facts concerning the nature of the land surrounding the alleged easement. "It is the character of the land itself which is determinative of the application of the Act." **Sprankle v. Burns**, 675 A.2d 1287 (Pa. Super. 1996), *citing* **Humberston v. Humbert**, 407 A.2d 31, 32 (Pa. Super. 1979). The critical inquiry is whether the would-

be easement passes through a section of the owners land that is "a wooded area which is not enclosed by a fence or some other barrier." **Martin v. Sun Pipe Line Co.**, 666 A.2d 637, 641 (Pa. 1995).

Under the Act, "No right of way shall be hereafter acquired by user, where such way passes through un[e]nclosed woodland . . . ." 68 P.S. § 411. The Act bars "a trespasser from obtaining a prescriptive easement through unenclosed wooded areas." **Williams v. Taylor**, 188 A.3d 447, 451 (Pa. Super. 2018). Thus, if the Act applies, it "will defeat the plaintiff's . . . claim [for a prescriptive easement], even if all the allegations in the complaint are true." **Reott**, 55 A.3d at 1095. We therefore hold that, when a defendant invokes the Act to defeat a plaintiff's claim for a prescriptive easement, the defendant is, by definition, raising an affirmative defense.

"The failure to raise an affirmative defense . . . will result in a waiver of the defense." **Nasser v. Empire Sanitary Landfill, Inc.**, 640 A.2d 1315, 1317 (Pa. Super. 1994) (quotation marks omitted). Like the failure to plead the statute of limitations in New Matter, the failure to plead the Unenclosed Woodlands Act in New Matter results in waiver of the defense.

Here, because the Wertzes did not raise their Unenclosed Woodlands Act as an affirmative defense in their New Matter, they waived that defense at the pleadings stage. **See** Pa.R.C.P. 1030(a). Thus, the Wertzes "cannot avail [themselves] of its protection." **Falcione**, 557 A.2d at 428.

The Wertzes' sole appellate issue dismissed as waived.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  5/20/2024