J-A28029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BERTHA BROWN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ESTATE OF GENEVIEVE BOULDEN, | : | |
| ESTATE OF HERMON JACKMON, | : | |
| TRACY BOULDEN, AND TROY | : | No. 1016 EDA 2024 |
| BOULDEN | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered March 18, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 230600622

BEFORE: PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J.: **FILED APRIL 10, 2025**

In this quiet title action, the Estate of Genevieve Boulden, the Estate of Hermon Jackmon, Tracy Boulden, and Troy Boulden, Bertha Brown (collectively, Appellants), seek review of an order of the Court of Common Pleas of Philadelphia County (trial court) entering judgment on the pleadings in favor of Appellee, Bertha Brown, and awarding her quiet title to the property located at 2225 West Dauphin Street in Philadelphia (the property). The trial court found that Appellants were barred from opposing Appellee's right to quiet title because they failed to timely respond to the affirmative defenses raised in Appellee's new matter. We find that the trial court erred in doing so because the averments in that new matter were legal conclusions which did not require a response, making judgment on the pleadings improper.

Accordingly, we reverse the order on review and remand the case for further proceedings.

The procedural history of this case is a bit convoluted. The litigation between the parties to this appeal began on January 28, 2022, when Appellant, the Estate of Genevieve Boulden, filed an ejectment action against Appellee, who had possession of the property. In response, Appellee filed a counterclaim for quiet title, asserted under a theory of adverse possession. She claimed that she had occupied the property since 2009, having found it abandoned. The last recorded deed to the property was entered in 1948, when it was purchased by Hermon Jackson and Odessa Jackson. The Estate of Genevieve Boulden maintained that the property had not been abandoned, that Genevieve Boulden was the child and heir of the most recent purchasers, and that Appellee had no right to the property.[1]

The trial court found in Appellee's favor on the ejectment claim, but dismissed (without prejudice) Appellee's counterclaim for quiet title. On April 21, 2023, the trial court denied the post-trial motion filed by Appellant, the Estate of Genevieve Boulden, and that ruling was not appealed.

Appellee then commenced the present quiet title action on June 7, 2023. All of the above-captioned Appellants were named as defendants in that case. Appellee alleged in the complaint that she had acquired quiet title to the property under the doctrine of adverse possession. *See* Appellee's Complaint

_____

[1] Appellants are either the estates of those prior owners, or their heirs.

(Quiet Title), 6/7/2023, at paras. 21-56. In paragraphs 57 through 67 of her complaint, Appellee asserted that the doctrines of *res judicata* and collateral estoppel barred Appellants from contesting her right to quiet title, through an ejectment action, because Appellee had prevailed in the earlier ejectment action filed by Appellant, the Estate of Genevieve Boulden:

57. Although the Property's record owners, heirs, successors and/or assigns have one year in which to respond to a quiet title action under § 5527.1(d), [Appellants] are estopped from bringing an ejectment action against [Appellee] due to this Court's previous and final judgement in favor of [Appellee] and against the [Appellants] in an ejectment action.

58. "Pursuant to the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action."

59. Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

60. As stated above, the Estate of Genevieve Boulden brought an ejectment action against [Appellee] in connection with the Property and the Court found in favor of [Appellee].

61. The ejectment action the Estate brought against [Appellee] is identical to future ejectment actions that may be brought in response to this quiet title action, as contemplated by the adverse possession statute under § 5527.1(d).

62. The Estate of Herman Jackmon, Tracy Boulden, and Troy Boulden are also estopped from bringing an ejectment claim

- 3 -

against [Appellee] because those [Appellants] are in privity with the Estate of Genevieve Boulden.

63. "[P]rivity denotes mutual or successive relationship to the right of property, title, or estate."

64. [Appellants] had a full and fair opportunity to litigate the issue on March 15, 2023, when the case was tried before the [trial court].

65. There was a final judgment on the merits because the [trial court] found in favor of [Appellee] on April 4, 2023, the Court denied the Estate's post-trial motions, and the Estate did not appeal in a timely manner.

66. On November 29, 2022, upon filing a Praecipe to Index as Lis Pendens to the Prothonotary of the Court of Common Pleas of Philadelphia County, Ms. Brown provided notice of action to quiet title pursuant to 42 Pa.C.S. § 5527.1(c), which requires the Plaintiff to provide notice relating to [Appellants'] ability to cure the adverse possession. Along with this Action to Quiet Title, [Appellee] files a second notice to her interest in the property.

67. Although the Property's record owners, heirs, successors and/or assigns have one year in which to respond to a quiet title action under § 5527.1(d), the one-year waiting period therefore does not apply here because, as described above, [Appellants] are estopped from bringing an ejectment action against [Appellee].

*Id*., at paras. 57-67. (Internal citations omitted).

On August 9, 2023, Appellants together filed an answer, new matter, and a counterclaim. In their answer, Appellants denied much of the factual basis for Appellee's adverse possession claim. *See* Appellant's Answer, New Matter, and Counterclaim, 8/9/2023, at paras. 21-51 (denying Appellee's averments, and stating that Appellants lacked information or knowledge to form a belief as to the asserted facts, requiring "strict proof at trial").

- 4 -

With respect to paragraphs 51 through 56 of Appellee's complaint, however, which related to whether Appellee's possession of the property was "hostile" for the purposes of the adverse possession statute, Appellants' position was less clear. Paragraph 52 of the Answer was left blank, and paragraphs 53 through 57 each included just the word, "Strict," which is equivalent to no response. *See id*., at paras. 51-57.

As to the application of *res judicata* and collateral estoppel, raised in paragraphs 57 through 67 of Appellee's complaint, Appellants answered that the averments in those paragraphs were denied, and that they constituted a "conclusion of law for which no response is needed." *See id*., at paras. 58-67.[2]

On August 29, 2023, Appellee filed an answer to Appellants' counterclaim and a new matter, raising the defenses of *res judicata* and collateral estoppel as to the claim of ejectment and contending that the issue had been fully adjudicated in the earlier proceedings against Appellant, the Estate of Genevieve Boulden. In paragraphs 105 through 114 of the new matter, Appellee specifically incorporated, and essentially repeated, paragraphs 57 through 67 of her complaint:

> 105. As set forth in paragraphs 57–67 of [Appellee's] Complaint, incorporated as if set forth herein, [the Estate of Genevieve Boulden] is estopped from bringing the instant ejectment action

_____

[2] It appears that Appellants made an error in answering the complaint, as they denied all of the paragraphs of the complaint relating to *res judicata* and collateral estoppel except for the first part of that section, paragraph 57. The corresponding part of Appellants' answer includes only the word, "Strict."

- 5 -

against [Appellee] due to this Court's previous and final judgment in favor of [Appellee] and against [the Estate of Genevieve Boulden] in an ejectment action.

106. "Pursuant to the doctrine of res judicata, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action."

107. As averred in Paragraph 68 of [Appellants'] New Matter and as admitted above, [the Estate of Genevieve Boulden] brought an ejectment action against [Appellee] in January 2022.

108. As averred in Paragraph 89 of [Appellants'] New Matter and as admitted above, [the Estate of Genevieve Boulden's] ejectment action was tried before the [trial court] on March 15, 2023.

109. As averred in Paragraph 89 of [Appellants'] New Matter and as admitted above, the Court found in favor of [Appellee].

110. The instant ejectment action asserted in [Appellants'] Counterclaim is identical to the ejectment action brought by [the Estate of Genevieve Boulden] in January 2022.

111. There was a final judgment on the merits of [the Estate of Genevieve Boulden's] previous ejectment action because the Court found in favor of [Appellee] on April 4, 2023, the Court denied the [Estate of Genevieve Boulden's] post-trial motions, and [that Appellant] did not appeal.

112. "Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment."

113. The ejectment action asserted in [the Estate of Genevieve Boulden's] counterclaim and any issues thereunder are therefore precluded by collateral estoppel because (1) the issue to be decided is identical to the one in [Appellant's] previous action; (2) there was a final judgment on the merits; (3) the parties in the

instant ejectment action are identical to the parties in the previous ejectment action; (4) [Appellant, the Estate of Genevieve Boulden], the party against whom collateral estoppel is asserted, had a full and fair opportunity to litigate their claim; and (5) the determination of the prior proceeding was essential to the judgment.

114. [Appellee] further asserts the affirmative defense of adverse possession and incorporates averments in Paragraphs 1–56 of her Complaint to quiet title as if set forth herein.

Appellee's Answer to New Matter, and Counterclaim with New Matter, 8/28/2023, at paras. 105-114.

Appellee's answer and new matter included a proper notice to defend within 20 days from the date the filing was served, but no response was filed within that period. On February 23, 2024, about six months after filing the answer to Appellants' counterclaim and new matter, Appellee filed a motion for judgment on the pleadings. As of that date, a responsive pleading had not been filed in reply to Appellee's new matter.

Over 20 days later, on March 18, 2024, the trial court entered an order granting Appellee's motion for judgment on the pleadings. The trial court found that, under the applicable procedural rules, Appellants had 20 days to respond to Appellee's affirmative defenses of *res judicata* and collateral estoppel, and Appellants' failure to do so compelled the trial court to consider the averments in Appellee's new matter as admitted by Appellants. **See** Trial Court 1925(a) Opinion, 7/15/2024, at 4-5.

Similarly, the local rules afforded Appellants 20 days to respond to Appellee's motion for judgment on the pleadings, and Appellants did not timely

file a responsive pleading. *See id*. The trial court therefore considered the motion to be unopposed, and judgment was entered for Appellee, awarding her quiet title to the property, on the theory of adverse possession. Appellants' counterclaim of ejectment was dismissed with prejudice, and the recorder of deeds was directed to acknowledge Appellee as the owner of the property.

Ten days after the trial court's order was entered, on March 28, 2024, Appellants filed a reply to Appellee's new matter, as well as a motion for reconsideration. In their reply, Appellants stated that Appellee had failed to assert a viable new matter (*res judicata* and collateral estoppel) because the purported new matter was only a restatement of paragraphs 57-67 of Appellant's complaint, which Appellees had responded to in their answer and, for the most part, denied. *See* Appellants' Reply to New Matter, 3/28/2024, at paras. 105-114.

Appellants also denied that Appellee had prevailed in obtaining title to the property in the earlier ejectment action, making it improper for *res judicata* and collateral estoppel to apply; additionally, Appellants restated portions of their answer in arguing that Appellee had advanced the doctrines of *res judicata* and collateral estoppel as "conclusion[s] of law for which no response is needed." *Id*., at paras, 105-06, 110-14.

In their motion for reconsideration, Appellants addressed the timeliness of their response to Appellee's new matter, and Appellee's motion for judgment on the pleadings. *See* Appellants' Motion for Reconsideration,

3/18/2024, at 1-10. Appellants argued that their failure to respond within 20 days of their filing dates did not amount to an admission the material facts of Appellee's claim because the new matter's contents were legal conclusions, not assertions of fact which Appellants were compelled to respond to by the notice to plead. ***See id***.

The trial court denied Appellants' motion for reconsideration and declined to address the merits of their reply to new matter, finding it to be untimely. The averments in Appellee's new matter were deemed to be admitted by Appellants, and the motion for judgment on the pleadings was deemed to be unopposed. ***See*** Trial Court 1925(a) Opinion, 7/15/2024, at 4-5.

Appellants then timely appealed the order, and in their brief, they assert two main grounds for relief, which we rephrase as follows:

> (1) the trial court erred in ruling that, by failing to respond within 20 days, Appellants admitted to Appellee's new matter (*res judicata* and collateral estoppel) because (a) Appellee had asserted those defenses as a conclusion of law in the new matter, and (b) Appellants had, in any event, already denied the doctrines' applicability in their answer to Appellee's complaint, which raised the same points.
>
> (2) Alternatively, *res judicata* and collateral estoppel cannot apply because Appellee did not prevail on her quiet title counterclaim in the earlier ejectment action, and Appellant, the Estate of Hermon Jackman, was not a party to those earlier proceedings.

*See* Appellant's Brief, at 1-2.[3]

We begin by addressing the first claim, which we find to be dispositive. Appellants argue, essentially, that they did not admit that the doctrines of *res judicata* and collateral estoppel barred them from challenging Appellee's quiet title action with their ejectment counterclaims.[4] They contend, rather, that even though they did not respond to Appellee's new matter raising those defenses within 20 days, a responsive pleading was not required because the affirmative defenses were asserted as conclusions of law, and, in any event, they had already denied the applicability of Appellee's defenses in their answer to Appellee's complaint.

_____

[3] We note that in the body of their brief, Appellants do not parse their discrete claims into individual argument sections, as required by the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a). This makes it somewhat difficult to discern exactly what Appellants are arguing. However, the general thrust of Appellants' position is clear enough to make it cognizable for review on the merits.

[4] "The purpose of a quiet title action is to settle competing claims to interests in property or to determine right or title or the validity of any deed affecting any interest in land." *Stoley v. Wampler*, 317 A.3d 1007, 1016 (Pa. Super. 2024) (quoting *Cornwall Mountain Investments, L.P. v. Thomas E. Proctor Heirs Tr.*, 158 A.3d 148, 160 (Pa. Super. 2017)). "The litigation of an action to quiet title is an action at law governed by the Rules of Civil Procedure." *Stoley*, 317 A.3d at 1016 (citing Pa.R.Civ.P. 1061-68). "Concerning the difference between an action to quiet title and an action of ejectment, we observe that "'quiet title serves to determine the relative and respective rights of all potential title holders.'" *Id*., at 1016 n.5 (quoting *Becker v. Wishard*, 202 A.3d 718, 721-22 (Pa. Super. 2019)). "The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation." *Id*. (quoting *Siskos v. Britz*, 790 A.2d 1000, 1006 (Pa. 2002)).

"A responsive pleading shall admit or deny each averment in the preceding pleading or any part thereof[.]"  Pa.R.Civ.P. 1029(a).  Where an averment must be responded to in a responsive pleading, the averment is admitted unless it is "denied specifically or by necessary implication."  Pa.R.Civ.P. 1029(b).  A party may specifically deny a factual averment by stating that, "after reasonable investigation the party is without knowledge or information sufficient to form belief as to the truth of [the] averment."  Pa.R.Civ.P. 1029(c). However, where a responsive pleading is not required to respond to an averment, and no response is pleaded, the averment "shall be deemed to be denied."  Pa.R.Civ.P. 1029(d).

Affirmative defenses must be pleaded in a "responsive pleading under the heading 'New Matter.'"  Pa.R.Civ.P. 1030.  "An affirmative defense for 'new matter' purposes is a defense which, even if all allegations of the complaint are true, is still a bar to the plaintiff's recovery."  *Fox v. Byrne*, 525 A.2d 428, 430 (Pa. Super. 1987).  Defenses must be asserted and replied to in a pleading "so that the issues in the dispute may be sharpened at an early stage."  *Id*.

If a party does not "properly respond to an affirmative defense pled as a new matter, the factual averments underlying that defense are admitted," and the proponent of the defense "is entitled to judgment on the pleadings."  *Id*.  Conclusions of law in a new matter do not need to be addressed in order to avoid the presumption of an admission.  *See Fox*, 525 A.2d at 430.

Appellate review of an order granting a motion for judgment on the

- 11 -

pleadings is plenary, and the reviewing court will apply the same standard employed by the trial court. **See Fox**, 525 A.2d at 430. A trial court must confine its consideration to the pleadings and relevant documents. **Id**.

The trial court must accept as true all well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. **Id**. Again, a fact pleaded in a new matter is deemed to be admitted by a defendant who has received a notice to plead but not filed a response within 20 days. **See** Pa.R.Civ.P. 1029. On the other hand, a lack of a responsive pleading will not be deemed admitted where the averment is a conclusion of law. **See** Pa.R.Civ.P. 1029(d).

"Whether an allegation is one of fact or law is determined by the context disclosing the circumstances and purpose of the allegation." **Piehl v. City of Philadelphia**, 930 A.2d 607, 615 (Pa. Cmwlth. 2007), **aff'd**, 987 A.2d 146 (Pa. 2009) (citing **Srednick v. Sylak**, 23 A.2d 333, 337 (Pa. 1941)). "A legal conclusion is a statement of a legal duty without stating the facts from which the duty arises." **Rohrer v. Pope**, 918 A.2d 122, 129 (Pa. Super. 2007) (quoting **Mellon Bank, N.A. v. Nat. Union Ins. Co. of Pitt., PA**, 768 A.2d 865, 869 n1. (Pa. Super. 2001)). "A statement of the existence of a fact could be a legal conclusion if the fact stated is one of the ultimate issues in the proceeding." **Rohrer**, 918 A.2d at 129 (quoting **Mellon Bank**, 786 A.2d at 869 n.1.).

Entry of judgment on the pleadings is appropriate "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.Civ.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. *Rourke v. Penn. Nat. Mut. Cas. Ins. Co.*, 116 A.3d 87, 91 (Pa. Super. 2016). Judgment on the pleadings may be entered when there are no disputed issues of fact, and the moving party is entitled to judgment as a matter of law. *Id*. When a party moves for judgment on the pleadings, "the court will consider all of the pleadings in arriving at its decision." *Id*. Under Pa.R.Civ.P. 208.3(b) and Philadelphia Local Rule 208.3(b)(2)(b), judgment on the pleadings may be deemed unopposed where a response was not filed within 20 days from the date that the motion was served, thereby eliminating any dispute of fact and allowing judgment to be entered as a matter of law.

Here, the trial court granted Appellee's motion for judgment on the pleadings and awarded judgment on the pleadings. The ruling was based on Appellants' failure to reply to Appellee's new matter within 20 days from the date it was served, as well as Appellants' failure to respond to Appellee's motion for judgment on the pleadings within 20 days from the date it was served. The trial court found that Appellants had admitted to the applicability of the defenses raised in Appellee's new matter (*res judicata* and collateral estoppel), barring Appellants' ejectment claims and allowing Appellee to be

awarded quiet title to the property.[5]  In doing so, the trial court did not reach the question of whether there was merit in Appellee's quiet title action, which was premised on the doctrine of adverse possession.  **See** Trial Court 1925(a) Opinion, 7/15/2024, at 4-5.

We find that the trial court erred in ruling that Appellants admitted their ejectment claims were barred, that there existed no disputed issues of fact, and that Appellee's motion for judgment on the pleadings was unopposed.  As Appellants point out in their brief, the doctrines of *res judicata* and collateral estoppel were asserted in paragraphs 57 through 67 of Appellee's complaint for quiet title.  **See** Appellee's Complaint (Quiet Title), 6/7/2023, at paras. 57-67.  Appellee maintained that Appellants were procedurally barred from bringing their ejectment claims because Appellee had previously prevailed

_____

[5] "Pursuant to the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action." **Yamulla Trucking & Excavating Co. v. Justofin**, 771 A.2d 782, 784 (Pa. Super. 2001). The doctrine of *res judicata*, or claim preclusion, is "based on public policy and seeks to prevent an individual from being vexed twice for the same cause." **Stevenson v. Silverman**, 208 A.2d 786, 788 (Pa. 1965).

For the doctrine of collateral estoppel (claim preclusion) to apply, four conditions must be satisfied between the prior and current litigation: "1) identity of issues; 2) identity of causes of action; 3) identity of parties or their privies; and 4) identity of the quality or capacity of the parties suing or being sued." **Yamulla**, 771 A.2d at 784.

against Appellant, the Estate of Genevieve Boulden, in that party's ejectment action. *See id*.[6]

In Appellee's new matter (as well as the complaint), the averments concerning the affirmative defenses of *res judicata* and collateral estoppel were legal conclusions for which no response was required by the rules of procedure. For ease of reference, we again copy the subject paragraphs of the new matter below:

> 105. As set forth in paragraphs 57–67 of [Appellee's] Complaint, incorporated as if set forth herein, [the Estate of Genevieve Boulden] is estopped from bringing the instant ejectment action against [Appellee] due to this Court's previous and final judgment in favor of [Appellee] and against [the Estate of Genevieve Boulden] in an ejectment action.
>
> 106. "Pursuant to the doctrine of res judicata, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action."
>
> 107. As averred in Paragraph 68 of [the Estate of Genevieve Boulden'] New Matter and as admitted above, [the Estate of Genevieve Boulden] brought an ejectment action against [Appellee] in January 2022.
>
> 108. As averred in Paragraph 89 of [the Estate of Genevieve Boulden's] New Matter and as admitted above, [the Estate of

_____

[6] Appellants did not respond to paragraphs 52 through 57 of Appellee's complaint. However, paragraph 57 was a legal conclusion asserting that Appellants' ejectment actions were procedurally barred, and such averments are presumed to be denied where a responsive pleading is not filed. Paragraphs 52 through 56 were factual averments relating to a single element of adverse possession (hostile possession), but Appellants specifically denied the factual averments relating to the remaining elements, putting those facts into dispute.

- 15 -

Genevieve Boulden's] ejectment action was tried before the [trial court] on March 15, 2023.

109. As averred in Paragraph 89 of [the Estate of Genevieve Boulden's] New Matter and as admitted above, the Court found in favor of [Appellee].

110. The instant ejectment action asserted in [the Estate of Genevieve Boulden's] Counterclaim is identical to the ejectment action brought by [the Estate of Genevieve Boulden] in January 2022.

111. There was a final judgment on the merits of [the Estate of Genevieve Boulden's] previous ejectment action because the Court found in favor of [Appellee] on April 4, 2023, the Court denied the [the Estate of Genevieve Boulden's] post-trial motions, and [the Estate of Genevieve Boulden] did not appeal.

112. "Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment."

113. The ejectment action asserted in [the Estate of Genevieve Boulden's] counterclaim and any issues thereunder are therefore precluded by collateral estoppel because (1) the issue to be decided is identical to the one in [the Estate of Genevieve Boulden's] previous action; (2) there was a final judgment on the merits; (3) the parties in the instant ejectment action are identical to the parties in the previous ejectment action; (4) [the Estate of Genevieve Boulden], the party against whom collateral estoppel is asserted, had a full and fair opportunity to litigate their claim; and (5) the determination of the prior proceeding was essential to the judgment.

114. [Appellee] further asserts the affirmative defense of adverse possession and incorporates averments in Paragraphs 1–56 of her Complaint to quiet title as if set forth herein.

Appellee's Answer to New Matter, and Counterclaim with New Matter, 8/28/2023, at paras. 105-114.

All of the statements in paragraphs 105 through 113 were either rote recitations of law, or legal conclusions that the earlier ejectment action barred Appellants from asserting their counterclaims or challenging Appellee's quiet title action. The only true averments of fact – concerning the underlying facts establishing Appellee's adverse possession – were asserted in paragraph 114, and incorporated therein.

Appellants had already specifically denied the factual basis of many of those latter averments in its answer to Appellee's complaint. *See* Appellant's Answer, New Matter, and Counterclaim, 8/9/2023, at paras. 21-51. As such, Appellants denied those facts by necessary implication when they were reasserted in Appellee's new matter. *See* Pa.R.Civ.P. 1029(b); *see also **Kaba v. Berrier**, 275 A.3d 85, 89 n.4 (Pa. Cmwlth. 2022) (explaining that this Court has "repeatedly observed" that to determine whether a pleaded fact has been denied, we must "examine the pleadings as a whole" and consider whether averments in a new matter have been denied by "necessary implication," such as contrary or denied facts pleaded earlier by the party who did not respond to the new matter).

By not filing a responsive pleading to the new matter, Appellants denied the Appellee's affirmative defenses by operation of Rule 1029(d), as these were conclusions of law for which no response was required. In their answer, Appellants also denied the facts alleged by Appellee as establishing adverse

possession, an issue which has not yet been adjudicated on the merits. *See* Appellants' Answer, New Matter, and Counterclaim, 8/9/2023, at paras. 21-51. Accordingly, any failure of Appellants to plead in response to Appellee's new matter had to be construed as a denial, not an admission to Appellee's defenses, putting the asserted legal conclusions – and the underlying facts establishing adverse possession – in dispute.

Moreover, it must be stressed that Appellee can only prevail on her quiet title action based on the strength of her own title to the property. Regardless of whether Appellants' ejectment claims are procedurally barred, Appellee still had to prove all the elements of adverse possession. *See Woodhouse Hunting Club, Inc. v. Hoyt,* 183 A. 3d 453, 457 (Pa. Super. 2018) ("The plaintiff bringing a quiet title action has the burden of proof and must recover on the strength of its own title."); *see also Albert v. LeHigh Coal and Nav. Co.*, 246 A.2d 840, 843 (Pa. 1968) ("[W]e start with the well settled principle of law that, in an action to quiet title, the plaintiffs must recover on the strength of their own title and not upon [the weakness of the title of the defendant.].").

The alleged facts supporting Appellee's adverse possession claim have not yet been determined, as that matter was not decided in either the prior ejectment action or the present quiet title action brought by Appellee. *See Stoley v. Wampler*, 317 A.3d 1007, 1016 n.5 (Pa. Super. 2024) (quoting *Siskos v. Britz*, 790 A.2d 1000, 1006 (Pa. 2002)) ("The purpose of an ejectment action as opposed to quiet title is not to determine the relative and

respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation.").

For the purposes of judgment on the pleadings, the trial court needed to examine whether the facts supporting adverse possession were admitted by Appellants. As we have noted, Appellants denied those alleged facts in their answer to Appellee's quiet title complaint. Thus, the trial court erred in granting Appellee judgment on the pleadings, as there remained disputes of material of fact between the parties, Appellants had pleaded their opposition to Appellee's affirmative defenses, and even if Appellee were to prevail on her affirmative defenses, she would still have to prevail on the strength of her own quiet title claim.[7] To remedy the trial court's error, the order on review must be reversed. In so holding, we make no comment on the merits of Appellee's quiet title action, Appellants' ejectment counterclaims, or Appellee's affirmative defenses.[8]

_____

[7] Appellee has suggested in her Answer Brief, as an alternative ground for affirmance, that the order on review should be upheld because the trial court found she was "unequivocally entitled to relief on her quiet title claim" based on "careful review of the pleadings." *See* Appellee's Brief, at 14 (citing Trial Court 1925(a) Opinion, 7/15/2024, at 5). However, the trial court's ruling was entirely based on the false premise that "there were no disputed issues of fact, and that [Appellee] was entitled to judgment as a matter of law." Trial Court 1925(a) Opinion, 7/15/2024, at 5. Contrary to Appellee's characterization, the record does not establish that the disputed facts concerning her adverse possession claim were ever adjudicated.

[8] We emphasize that our disposition is not intended to condone counsel's lack of diligence in responding to Appellee's pleadings.

Order vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2025